# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
## Atlanta Division

| | |
|---|---|
| UNITED STATES OF AMERICA,  *Plaintiff*,  v.  THE STATE OF GEORGIA; THE GEORGIA STATE BOARD; and BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State,  *Defendants*,  PUBLIC INTEREST LEGAL FOUNDATION,  *Proposed Intervenor-Defendant*. | Case No. 1:21-cv-02575-JPB |

**PUBLIC INTEREST LEGAL FOUNDATION'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO INTERVENE</u>**

The Public Interest Legal Foundation ("Foundation"), by and through undersigned counsel, respectfully moves this Court for leave to intervene as a Defendant as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure, or, in the alternative, permissively under Rule 24(b)(1). Pursuant to Federal Rule of Civil Procedure 24, the Foundation's proposed responsive filing is attached to this Motion. A memorandum in support of this Motion is also attached.

1

**Interests of Proposed Intervenor-Defendant**

The Foundation requests that the Court grant it leave to intervene as a Defendant as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). The Foundation has a direct and tangible interest in this litigation that will be necessarily impaired if Plaintiffs prevail and that interest is not adequately represented by any Defendant. This case raises the important constitutional question of whether the Voting Rights Act of 1965 can terminate the power of a state to enact reasonable election integrity laws in this context. The case therefore also raises the important constitutional question whether and when the Voting Rights Act may extinguish the power of the people of Georgia to run their own elections. The Foundation suggests that such an application of the Voting Rights Act ("VRA") as pled by the United States would be wholly beyond constitutional limits and contrary to the plain meaning of the statute.

The Foundation's mission includes working to protect the fundamental right of individuals and persons to engage in constitutionally protected speech, ensuring the enforcement of voter qualification laws and election administration procedures, and providing assistance to states that seek to exercise their constitutional powers to determine the rules and laws pertaining to their own state elections. The Foundation has sought to maintain state control over elections and preserve the constitutional balance between a state's power to control its own elections and

Congress's legitimate constitutional authority to protect against racial discrimination. Preserving this balance serves to protect the interests and rights of citizens to participate equally and fully in our electoral processes, while ensuring that federal statutes are not used to rearrange the constitutional mandate where states run their own elections.

These interests will be directly and adversely impacted by this case, which seeks to override the State of Georgia's prerogative to run its own elections in this context.  The federal government's characterization of that Georgia's election laws were  "adopted and are being enforced with the purpose of denying or abridging the right to vote on account of race, color, or membership in a language minority group," (Doc. 1 at 44-45), presents an attack on the power of states to pass reasonable laws designed to ensure the integrity of their elections. To allege that Georgia's law was enacted with discriminatory intent based on the facts pled extends the reach of the intent prong of Section 2 of the Voting Rights Act beyond permissible constitutional limits.

In the alternative, the Foundation requests the Court to grant permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), on the grounds that the Foundation has claims and defenses that share common questions of law and fact with the main action. The Foundation brings particular experience to this case that will allow the issues to be more thoroughly developed and provide

3

this court additional insight into the questions of the case, insight the defendants have interest in not presenting. As a nonprofit organization with special interests in the administration of election laws, the Foundation should be permitted to intervene permissively as similarly situated organizations have been granted permission in similar litigation. *See Kobach v. United States Election Assistance Comm'n*, 2013 U.S. Dist. LEXIS 173872 (D. Kan. Dec. 12, 2013) (granting the motion to intervene as defendants of several nonprofit groups). Indeed, the Foundation has been permitted to intervene as defendant in other cases in which it has an interest, including a case where it sought to defend against efforts to advance an unsupportable interpretation of the VRA that exceeds constitutional bounds. *See Luna v. Cegavske*, No. 2:17-CV-2666 JCM (GWF), 2018 U.S. Dist. LEXIS 131557, at *1-2 (D. Nev. Aug. 6, 2018). *See also League of Women Voters of the United States v. Newby*, 195 F. Supp. 3d 80, 88 (D.D.C. 2016).

If intervention is granted, the Foundation will participate in this case on the schedule that will be established for the existing parties; will avoid unnecessary delays or duplication of efforts in areas satisfactorily addressed and represented by the existing Defendants, to the extent possible; and will coordinate all future proceedings with the existing Defendants, to the extent possible.

**I.    The Court Should Grant Intervention as of Right.**

"A party seeking to intervene as of right under Rule 24(a)(2) must show that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). This Court has "note[d] that '[a]ny doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors.'" *New Ga. Project v. Raffensperger*, No. 1:21-cv-01229-JPB, 2021 U.S. Dist. LEXIS 114642, at *21 (N.D. Ga. June 4, 2021) (internal citations omitted.) The Foundation's Motion satisfies each requirement.

**A.    The Foundation's Motion Is Timely**.

First, Rule 24 requires that a motion to intervene be timely filed. Fed. R. Civ. Pro. 24(a). There has been exceptionally little time since the Foundation became aware of this case and of its interest in it. The initial complaint was filed on June 25, 2021 (Doc. 1). No motions are pending, no scheduling orders have been issued, no discovery has been undertaken, and no trial date has been set.. The Foundation's motion is timely because it was filed as soon as possible. Second, because the Foundation is seeking intervention so early in the proceedings, there could not be any disruption or delay in the case and no party would be prejudiced.

**B.     The Foundation's Strong Interests in Defending State Election Laws Will Be Impaired if Plaintiffs Prevail.**

Second, Rule 24 requires that a movant "claim[] an interest relating to the property or transaction that is the subject of the action, and [be] so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest…." Fed. R. Civ. P. 24(a)(2). Here, public interest supports intervention. "'The interest requirement may be judged by a more lenient standard if the case involves a public interest question or is brought by a public interest group.'" *Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014) (citing 6 Moore's § 24.03[2][c], at 24-34.) The Foundation is a public interest group, classified as a non-profit 501(c)(3) organization.

Plaintiff's theories of liability abuse the VRA in ways the Supreme Court has, within the last week, curtailed.  This case is part of a broader national strategy to use the VRA to prevent states from improving the integrity of American elections. Plaintiff's allegations seek to expand the reach of the VRA beyond its text and what courts have allowed.

In addition, the Foundation can provide a unique perspective on the national and constitutional implications of Plaintiff's allegations that the Defendants are unlikely to bring. For example, the Foundation has conducted extensive research into Voting Rights Act submissions to the Department of Justice for preclearance

from Georgia and from states across the country. The Foundation's lawyers and board of directors include former Department of Justice Voting Section attorneys and local and state elections officials with decades of research experience and knowledge regarding voting rights. The Foundation's lawyers are frequently asked to testify before Congress and state legislators on voting issues. Most recently, one of the Foundation's lawyers testified before the House Committee on the Judiciary regarding "The Need to Enhance the Voting Rights Act: Preliminary Injunctions, Bail-in Coverage, Election Observers, and Notice." *See* Maureen S. Riordan, *Testimony Before the House of Representatives Judiciary Committee's Subcommittee on the Constitution, Civil Rights, and Civil Liberties* (June 29, 2021), *available at* https://docs.house.gov/meetings/JU/JU10/20210629/112839/HHRG-117-JU10-Wstate-RiordanM-20210629.pdf.

**C.    The Foundation's Interests Will be Impaired if Plaintiff Prevails in this Action.**

Plaintiff's allegations that the Defendants intentionally discriminated in passing the challenged election laws affect the Foundation's stated mission of preserving the constitutional balance between a state's power to control its own elections and Congress's legitimate constitutional authority to protect against racial discrimination through the VRA. The Foundation's mission will be affected if the

important constitutional concerns regarding Plaintiff's claims are not considered by this Court. Because of the precedential effect of the decision, an adverse resolution of the action would impair the Foundation's ability to protect its interests in the future.

### D. Existing Parties Will Not Adequately Protect the Foundation's Interests.

Absent the opportunity to intervene, the Foundation's interests almost certainly will not be adequately represented. "The Supreme Court has held that the inadequate representation requirement 'is satisfied if the [proposed intervenor] shows that representation of his interest "may be" inadequate' and that 'the burden of making that showing should be treated as minimal.'" *Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1989)

Additionally, due to their positions as public officials the Defendants are unlikely to defend against these allegations as strongly as the Foundation, or at all, . As public officials, Defendants may feel restrained from asserting certain defenses – such as the unconstitutionality of Section 2 as applied in these circumstances – in order to avoid even more hostile attacks from those who seek to overturn Georgia's election law. Defendants may determine that they wish to enter into a consent decree to resolve the litigation.  They have shown a strong propensity to do so in the past. *See* "Lawsuit settled, giving Georgia voters time to

fix rejected ballots," The Atlanta Journal-Constitution (March 7, 2020), *available at* https://www.ajc.com/news/state--regional-govt--politics/lawsuit-settled-giving-georgia-voters-time-fix-rejected-ballots/oJcZ4eCXf8J197AEdGfsSM/.

Paragraph 110 of the Complaint seeks to turn the Defendant Secretary of State into a witness for the United States. The Plaintiff uses statements by the Secretary to undermine the legislative purposes of the challenged statutes. This weighs in favor of the Foundation's motion.

In contrast to the Defendants, the Foundation is a public benefit organization that is unrestrained and thus can provide this Court with the full range of potential constitutional and factual defects in the Complaint without fear of negative publicity or the impact on other official duties. Indeed, the United States Supreme Court has held that where, as here, the Defendants and the proposed intervenor have different interests or functions as parties, such differences can change their conduct and approaches to the litigation. *Trbovich v. UMW*, 404 U.S. 528, 539 (1972). Different defenses and approaches justify intervention.[1]

In sum, the Foundation meets the criteria governing intervention as of right and urges the Court to grant its motion under Fed. R. Civ. P. 24(a)(2).

---

[1] As of this filing, counsel for Defendants have not yet entered an appearance nor have any pleadings been filed in this case. The Foundation respectfully requests an opportunity to update or amend its Motion as appropriate about ongoing failures of the Defendants to protect the Foundation's interests.

## II. In the Alternative, the Court Should Grant Permissive Intervention.

If the Court determines that the Foundation is not entitled to intervene as of right, it should grant permissive intervention under Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is left to the discretion of the district court, and is appropriate when the intervention request is timely, the would-be intervenor "has a claim or defense that shares with the main action a common question of law or fact" and granting intervention will not unduly delay or prejudice the original parties in the case. Fed. R. Civ. P. 24(b)(1)(B) and 24(b)(3). For the reasons stated above, the Foundation's motion is timely and allowing the Foundation to intervene would not cause any delay or prejudice.

As for the requirement of a common question of law or fact, the Foundation's defense shares a common question of law; to wit, whether Georgia's duly enacted election law was enacted with discriminatory intent. In *Florida v. United States*, the district court allowed organizations with "a special interest in the administration of Florida's elections laws" to intervene permissively in an action wherein Florida sought preclearance of changes to its election laws, including voter registration protections. See 820 F. Supp. 2d 85, 86-87 (D.D.C. 2011). Here, the Foundation has a special interest in the administration of state and federal election laws and this case undoubtedly involves the administration of both state and federal election laws. As in other cases before this Court on Georgia's law,

"the significant interests at stake militate in favor of permitting Proposed Intervenors to join the litigation." *New Ga. Project v. Raffensperger*, No. 1:21-cv-01229-JPB, 2021 U.S. Dist. LEXIS 114642, at *21 (N.D. Ga. June 4, 2021). Permissive intervention is appropriate.

## CONCLUSION

For the foregoing reasons, the Court should grant the Foundation's Motion to Intervene as of right or, in the alternative, permissively.

Respectfully Submitted, this 2nd day of July, 2021.


*/s/ Harry W. MacDougald* (Ga. # 463076)
*Counsel of Record*
CALDWELL, CARLSON, ELLIOTT & DELOACH, LLP
Two Ravinia Drive, Suite 1600
Atlanta, GA 30346
(404) 843-1956
hmacdougald@ccedlaw..com

Kaylan L. Phillips (Ind. # 30405-84)*
J. Christian Adams (Va. Bar #42543)*
Maureen S. Riordan (NY Bar 2058840)*
Public Interest Legal Foundation
32 E. Washington St., Suite 1675
Indianapolis, Indiana 46204
(317) 203-5599
(888) 815-5641 (facsimile)
kphillips@publicinterstlegal.org
*Motion for admission *pro hac vice* forthcoming

11

## RULE 5.1 CERTIFICATE

The undersigned certifies that the foregoing document was prepared in 14-point Times New Roman font and in accordance with the margin and other requirements of Local Rule 5.1.


s/ Harry W. MacDougald
Harry W. MacDougald
Georgia Bar No. 463076

## CERTIFICATE OF SERVICE

This is to certify that I have on this day e-filed the foregoing ***Public Interest Legal Foundation's Memorandum of Law in Support of its Motion to Intervene*** with the Clerk of Court using the CM/ECF system, which will send an email notification of such filing to counsel of record:

This 2nd day of July, 2021.

                                         /s/ Harry W. MacDougald
                                         Harry W. MacDougald
                                         Georgia Bar No. 463076

CALDWELL, CARLSON, ELLIOTT & DELOACH, LLP
Two Ravinia Drive, Suite 1600
Atlanta, GA 30346

13