**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,*<br><br>v.<br><br>THE STATE OF GEORGIA<br>and THE GEORGIA STATE<br>ELECTION BOARD,<br>*Defendants,*<br><br>REPUBLICAN NATIONAL<br>COMMITTEE; NATIONAL<br>REPUBLICAN SENATORIAL<br>COMMITTEE; and GEORGIA<br>REPUBLICAN PARTY, INC.,<br>*Proposed Intervenor-Defendants.* | No. 1:21-cv-2575-JPB |

**[PROPOSED] INTERVENOR-DEFENDANTS'**
**[PROPOSED] ANSWER**

Intervenors—the Republican National Committee, National Republican Senatorial Committee, and Georgia Republican Party, Inc.—now answer Plaintiff's complaint (Doc. 1). Unless expressly admitted below, every allegation in the complaint is denied. When Intervenors say something "speaks for itself," they mean that they lack sufficient information to admit or deny the allegation; because Plaintiff typically cites nothing, Intervenors do not know whether the referenced factual material exists, is accurate, or is placed in the proper context. Accordingly, Intervenors state:

1. Admitted that, in March 2021, the Georgia legislature enacted an omnibus election bill known as Georgia Senate Bill 202 (2021) ("SB 202" or "The Election Integrity Act"). Intervenors lack sufficient information to admit or deny the remaining allegations.

2. The Election Integrity Act speaks for itself. Otherwise denied.

3. Admitted that Plaintiff brings this action under 52 U.S.C. §§10301 and 10308(d). Denied that it has a valid claim under the Voting Rights Act or the U.S. Constitution.

4. Admitted that the Attorney General challenges portions of the Election Integrity Act. The legal arguments require no response.

5. Denied.

6. These legal arguments require no response.

1

7.     These legal arguments require no response.

8.     This legal argument requires no response.

9.     Admitted.

10.     Admitted.

11.     Admitted.

12.     Intervenors lack sufficient information to admit or deny this allegation.

13.     Intervenors lack sufficient information to admit or deny this allegation.

14.     Intervenors lack sufficient information to admit or deny this allegation.

15.     Intervenors lack sufficient information to admit or deny this allegation.

16.     Intervenors lack sufficient information to admit or deny this allegation.

17.     Admitted that Fulton, Cobb, DeKalb, and Gwinnett are part of the Atlanta metropolitan area. Intervenors otherwise lack sufficient information to admit or deny this allegation.

18.     Intervenors lack sufficient information to admit or deny this allegation.

19.    Intervenors lack sufficient information to admit or deny this allegation.

20.    Intervenors lack sufficient information to admit or deny this allegation.

21.    Intervenors lack sufficient information to admit or deny this allegation.

22.    Admitted that absentee voting increased during the COVID-19 pandemic. Intervenors otherwise lack sufficient information to admit or deny this allegation.

23.    Intervenors lack sufficient information to admit or deny this allegation.

24.    Intervenors lack sufficient information to admit or deny this allegation.

25.    Intervenors lack sufficient information to admit or deny this allegation.

26.    Intervenors lack sufficient information to admit or deny this allegation.

27.    Intervenors lack sufficient information to admit or deny this allegation.

28.    Intervenors lack sufficient information to admit or deny this

allegation.

29.    Intervenors lack sufficient information to admit or deny this allegation.

30.    From 1872 to 2002, Georgia had a Democratic governor, and Democrats controlled the General Assembly. Intervenors do not doubt that racial discrimination occurred during this period. But they deny that this history is relevant to SB 202 or that SB 202 was motivated by racial discrimination.

31.    Admitted that Georgia was subject to the preclearance requirement of section 5 of the Voting Rights Act when it was enacted. Georgia is no longer subject to the preclearance requirement because the Supreme Court found that, in 2013, the coverage formula was irrationally "based on decades-old data and eradicated practices." *Shelby Cty v. Holder*, 570 U.S. 529, 550-51 (2013). "Things have changed in the South. Voter turnout and registration rates now approach parity. Blatantly discriminatory evasions of federal decrees are rare. And minority candidates hold office at unprecedented levels." *Nw. Austin Mun. Util. Dist. No. One v. Holder*, 557 U.S. 193, 202 (2009).

32.    The cited authorities speak for themselves.

33.    Intervenors lack sufficient information to admit or deny this allegation.

34.    Intervenors lack sufficient information to admit or deny this

allegation.

35.   The Election Integrity Act speaks for itself.

36.   Admitted that during the June 2020 primary election the Georgia Secretary of State mailed absentee ballot applications to all registered Georgia voters.

37.   Admitted.

38.   Admitted.

39.   Speaker Ralston's statements speak for themselves. Intervenors otherwise lack sufficient information to admit or deny this allegation.

40.   The Election Integrity Act speaks for itself.

41.   The Election Integrity Act speaks for itself.

42.   These legal arguments require no response, and the cited authority speaks for itself.

43.   Admitted that, in advance of the 2020 elections, various private organizations distributed absentee ballot applications. The Election Integrity Act speaks for itself.

44.   Intervenors lack sufficient information to admit or deny this allegation.

45.   These legal arguments require no response, and the cited authority speaks for itself.

46.     Intervenors lack sufficient information to admit or deny this allegation.

47.     The Election Integrity Act speaks for itself.

48.     The Election Integrity Act speaks for itself.

49.     The Election Integrity Act speaks for itself.

50.     Intervenors lack sufficient information to admit or deny this allegation.

51.     Intervenors lack sufficient information to admit or deny this allegation.

52.     Intervenors lack sufficient information to admit or deny this allegation.

53.     Intervenors lack sufficient information to admit or deny this allegation.

54.     Intervenors lack sufficient information to admit or deny this allegation.

55.     The cited authority speaks for itself.

56.     The Election Integrity Act speaks for itself.

57.     These legal arguments require no response, and the Election Integrity Act speaks for itself.

58.     Intervenors lack sufficient information to admit or deny this

allegation.

59.    Intervenors lack sufficient information to admit or deny this allegation.

60.    The cited authorities speak for themselves.

61.    Intervenors lack sufficient information to admit or deny this allegation.

62.    Admitted.

63.    Intervenors lack sufficient information to admit or deny this allegation.

64.    The cited authority speaks for itself. Intervenors otherwise lack sufficient information to admit or deny this allegation

65.    Intervenors lack sufficient information to admit or deny this allegation.

66.    Intervenors lack sufficient information to admit or deny this allegation.

67.    The Election Integrity Act speaks for itself.

68.    The Election Integrity Act speaks for itself.

69.    The Election Integrity Act speaks for itself.

70.    These legal arguments require no response, and the cited authorities speak for themselves.

71.     These legal arguments require no response, and the Election Integrity Act speaks for itself.

72.     Admitted that, before the Election Integrity Act, various organizations distributed food and water as gifts to voters waiting in line to vote. Intervenors otherwise lack sufficient information to admit or deny this allegation.

73.     Intervenors lack sufficient information to admit or deny this allegation.

74.     The Election Integrity Act speaks for itself.

75.     These legal arguments require no response, and the Election Integrity Act speaks for itself.

76.     These legal arguments require no response, and the cited authorities speak for themselves.

77.     The Election Integrity Act speaks for itself.

78.     The Election Integrity Act speaks for itself.

79.     Intervenors lack sufficient information to admit or deny this allegation.

80.     Denied.

81.     These legal arguments require no response, and Intervenors lack sufficient information to admit or deny this allegation.

82.     Intervenors lack sufficient information to admit or deny this

allegation.

83.    Intervenors lack sufficient information to admit or deny this allegation.

84.    Intervenors lack sufficient information to admit or deny this allegation.

85.    Admitted that, during early voting and on Election Day in 2018, various organizations distributed food and water as gifts to voters waiting in line to vote. Intervenors deny the suggestion that this was somehow necessary.

86.    Admitted that, during the 2020 elections, various organizations distributed food and water as gifts to voters waiting in line to vote. Intervenors deny the suggestion that this was somehow necessary.

87.    Intervenors lack sufficient information to admit or deny this allegation.

88.    Intervenors lack sufficient information to admit or deny this allegation.

89.    Intervenors lack sufficient information to admit or deny this allegation.

90.    Intervenors lack sufficient information to admit or deny this allegation.

91.    Admitted that Vice President Kamala Harris was elected in 2020.

Intervenors lack sufficient information to admit or deny the rest.

92.  Admitted.

93.  Admitted that many voters in the January 2021 runoff voted absentee. Intervenors otherwise lack sufficient information to admit or deny this allegation.

94.  Intervenors lack sufficient information to admit or deny this allegation.

95.  Intervenors lack sufficient information to admit or deny this allegation.

96.  Admitted that Georgians elected Raphael Warnock and Jon Ossoff as U.S. Senators on January 5, 2021. Intervenors lack sufficient information to admit or deny the remaining allegations.

97.  Intervenors lack sufficient information to admit or deny this allegation.

98.  Intervenors lack sufficient information to admit or deny this allegation.

99.  Intervenors lack sufficient information to admit or deny this allegation.

100.  Intervenors lack sufficient information to admit or deny this allegation.

101.   The cited authorities speak for themselves. Intervenors otherwise lack sufficient information to admit or deny this allegation.

102.   Intervenors lack sufficient information to admit or deny this allegation.

103.   Intervenors lack sufficient information to admit or deny this allegation.

104.   Intervenors lack sufficient information to admit or deny this allegation.

105.   Intervenors lack sufficient information to admit or deny this allegation.

106.   Intervenors lack sufficient information to admit or deny this allegation.

107.   Admitted that Georgia conducted two state-wide recounts of the 2020 election results. Intervenors lack sufficient information to admit or deny the remaining allegations.

108.   Admitted that the two 2020 recounts did not change the election results and that the Secretary of State recertified the final results. The Secretary's statement speaks for itself.

109.   Denied.

110.   Intervenors lack sufficient information to admit or deny this

allegation.

111.   Intervenors lack sufficient information to admit or deny this allegation.

112.   Admitted.

113.   Admitted that Georgia House Speaker David Ralston announced a committee on election integrity, chaired by Representative Barry Fleming, to which the House referred its election bills.

114.   Statements speak for themselves. Otherwise denied.

115.   Admitted that the Election Integrity Act bill was introduced in the Senate on February 17, 2021.

116.   Admitted that on March 3, 2021, the Senate Ethics Committee held a hearing on the bill.

117.   Admitted that the Committee approved the bill on March 3, 2021, and the Senate passed it on March 8, 2021.

118.   Admitted that Chairman Fleming introduced a substitute version of SB 202 on March 17, 2021.

119.   Intervenors lack sufficient information to admit or deny this allegation.

120.   Denied.

121.   Intervenors lack sufficient information to admit or deny this

allegation.

122.   Rep. Chuck Martin's statement speaks for itself. Intervenors otherwise lack sufficient information to admit or deny this allegation.

123.   Intervenors lack sufficient information to admit or deny this allegation.

124.   Intervenors lack sufficient information to admit or deny this allegation.

125.   Admitted that the House Committee approved the bill on March 22, 2021.

126.   Intervenors lack sufficient information to admit or deny this allegation.

127.   Intervenors lack sufficient information to admit or deny this allegation.

128.   Admitted that floor debate on the bill occurred on March 25, 2021. Floor statements speak for themselves.

129.   Rep. Debbie Bucker's statement speaks for itself. Intervenors otherwise lack sufficient information to admit or deny this allegation.

130.   Admitted that the House passed the bill on March 25, 2021. Intervenors lack sufficient information to admit or deny the remaining allegations.

131.   Intervenors lack sufficient information to admit or deny this

allegation.

132.   Admitted that the Senate passed the bill on March 25, 2021. Intervenors lack sufficient information to admit or deny the remaining allegations.

133.   Admitted that Governor Kemp signed the bill on March 25, 2021. Intervenors lack sufficient information to admit or deny the rest.

134.   Denied.

135.   Denied.

136.   Denied.

137.   Denied.

138.   Denied.

139.   Denied.

140.   These legal arguments require no response.

141.   Denied.

142.   Intervenors lack sufficient information to admit or deny this allegation.

143.   Denied.

144.   Intervenors lack sufficient information to admit or deny this allegation.

145.   These legal arguments require no response, and the Election Integrity Act speaks for itself.

146.   Denied.

147.   Denied.

148.   Denied.

149.   Denied.

150.   Denied.

151.   Denied.

152.   Intervenors lack sufficient information to admit or deny this allegation.

153.   Denied.

154.   Denied.

155.   Intervenors lack sufficient information to admit or deny these allegations.

156.   Denied.

157.   These legal arguments require no response.

158.   Denied.

## CAUSE OF ACTION
### (Section 2 of the Voting Rights Act, 52 U.S.C. §10301)

159.   Intervenors repeat and reallege their responses in paragraphs 1 to 158.

160.   These legal arguments require no response.

15

161.   Denied.

162.   Denied.

163.   These legal arguments require no response.

164.   These legal arguments require no response.

165.   Denied.

## RESPONSE TO PRAYER FOR RELIEF

Intervenors deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1.   The allegations in the complaint fail to state a claim.

2.   Plaintiff's requested relief is barred by the *Purcell* principle.

Dated: July 6, 2021                    Respectfully submitted,

   */s/ William Bradley Carver*

Tyler Green*                    John E. Hall, Jr.
Cameron T. Norris*                Georgia Bar No. 319090
Steven C. Begakis*                William Bradley Carver, Sr.
CONSOVOY MCCARTHY PLLC            Georgia Bar No. 115529
1600 Wilson Blvd., Ste. 700        Alex B. Kaufman
Arlington, VA 22209              Georgia Bar No. 136097
(703) 243-9423                  James Cullen Evans
tyler@consovoymccarthy.com       Georgia Bar No. 797018
cam@consovoymccarthy.com         HALL BOOTH SMITH, P.C.
steven@consovoymccarthy.com      191 Peachtree Street NE
                                Suite 2900
*pro hac vice* forthcoming         Atlanta, GA 30303
                                (404) 954-6967
                                bcarver@hallboothsmith.com

*Counsel for Proposed Intervenor-Defendants*

16

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with Local Rule 5.1(B) because it uses 13-point Century Schoolbook font.

*/s/ William Bradley Carver*

## CERTIFICATE OF SERVICE

On July 6, 2021, I e-filed this document on ECF, which will serve everyone requiring service.

*/s/ William Bradley Carver*