# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# Atlanta Division

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff*, <br><br> v. <br><br> THE STATE OF GEORGIA; THE GEORGIA STATE ELECTION BOARD; and BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, <br><br> *Defendants,* <br><br> PUBLIC INTEREST LEGAL FOUNDATION, <br><br> *Proposed Intervenor-Defendant.* | Case No. 1:21-cv-02575-JPB |

## PUBLIC INTEREST LEGAL FOUNDATION'S REPLY TO RESPONSE TO ITS <u>MOTION TO INTERVENE</u>

The Public Interest Legal Foundation ("Foundation"), by and through undersigned counsel, respectfully files this reply to the United States of America's response in opposition to the Foundation's motion to intervene. (ECF No. 36.)

1

# ARGUMENT

The Foundation satisfies the requirements for both permissive intervention and intervention as of right under the federal rules. Because the bulk of the United States' objections concern intervention as of right and because this Motion may be decided on permissive intervention grounds alone, the Foundation begins there.

A.   **The Court Should Permit Intervention.**

The United States provides no explanation as to why it consented to the Republican National Committee's motion to intervene, filed four days *after* the Foundation's motion, but not the Foundation's. Instead, the United States' argument appears to be that allowing the Foundation, but not the RNC, to intervene would "divert the attention of the Court and the parties from the real and important issues in the case." (Dkt. 36 at 16.)

To be sure, the Foundation agrees that it is likely to raise defenses that the existing Defendants will not, but that is a reason to permit intervention. The Court should hear *all* defenses to ensure a full and thorough understanding of the issues implicated by this case. A fulsome defense of Georgia's law is not "needlessly complicating and delaying resolution of the litigation." (Dkt. 36 at 16.) Rather, it is ensuring a full resolution of this matter at the district court stage, preserving judicial economy, and preventing a protracted and more complicated appellate review. *See Kobach v. United States Election Assistance Comm'n*, No. 13-cv-

2

4095-EFM-DJW, 2013 U.S. Dist. LEXIS 173872, at *14 (D. Kan. Dec. 12, 2013) (In considering motions to intervene filed by various advocacy groups, the court found that "Applicants' experience, views, and expertise…will help to clarify, rather than clutter the issues in the action, which will in turn assist the Court in reaching its decision."). In fact, in evaluating the Foundation's motion to intervene in the District of Nevada, the magistrate judge determined that the Foundation's constitutional defenses would not cause delay but rather would expedite the matter:

> The Foundation also seeks to raise constitutional defenses to Plaintiff's claims that have not been raised by Defendants and which they may choose not to raise. Although the Court may not reach the constitutional questions in deciding this case, permitting the issues to be briefed by the Foundation and responded to by Plaintiffs will not cause any undue delay or prejudice the rights of the existing parties. Should the Court determine that the constitutional questions must be addressed, the fact that they have already been briefed will serve to expedite rather than delay a final decision in this action.

*Luna v. Cegavske*, No. 2:17-cv-02666-JCM-GWF, 2017 U.S. Dist. LEXIS 209485, at *21-22 (D. Nev. Dec. 20, 2017). *See also Luna v. Cegavske*, No. 2:17-CV-2666 JCM (GWF), 2018 U.S. Dist. LEXIS 131557 (D. Nev. Aug. 6, 2018) (adopting magistrate's recommendation).

The United States also fundamentally misunderstands the Foundation's proposed affirmative defense regarding the constitutionality of Section 2 as applied. In its Proposed Answer, the Foundation stated that "[t]o the extent that Plaintiff's Complaint alleges that Georgia's election law violates the Voting Rights

3

Act, the Act is unconstitutional as applied to these facts and circumstances because they are inconsistent with the purpose of the Fifteenth Amendment and exceed Congress's authority to enforce the right to vote regardless of race as found in the Fifteenth Amendment." (Dkt. 11-2 at 44.) The Foundation understands that courts have found that Section 2 may support a cause of action only under the intent prong. As the Fifth Circuit stated in *United States v. Brown*,

> To violate the statute, however, these practices must be undertaken with an intent to discriminate or must produce discriminatory results. *See McMillan v. Escambia County*, 748 F.2d 1037, 1046 (Former 5th Cir. 1984) ("Moreover, Congress intended that fulfilling either the more restrictive intent test or the results test would be sufficient to show a violation of section 2."); S. REP. NO. 97-417, at 27 (1982) (accompanying the 1982 amendments to the Voting Rights Act and stating that "[p]laintiffs must either prove such intent, or, alternatively, must show that the challenged system or practice . . . results in minorities being denied equal access to the political process"); *see also Seastrunk v. Burns*, 772 F.2d 143, 149 n.15 (5th Cir. 1985) ("Likewise, discriminatory intent of itself will normally render a plan illegal.").

*United States v. Brown*, 561 F.3d 420, 432-33 (5th Cir. 2009). Rather, the Foundation is asserting that the evidence and allegations relied on by the United States here cannot support a constitutionally sound application of the Voting Rights Act.

The United States should be familiar with the dangers here, as the Fifth Circuit Court of Appeals significantly limited the sort of evidence which is relevant in a Section 2 intent claim brought by this Plaintiff. In *Veasey v. Abbott*,

4

the Fifth Circuit rejected the United States' "evidence of State-sponsored discrimination dating back hundreds of years." 830 F.3d 216, 231.

Further, the United States appears to not recall the Fifth Circuit's statements dismissing the evidence it presented regarding the views of a bill's opponents.

> The Supreme Court has . . . repeatedly cautioned—in the analogous context of statutory construction—against placing too much emphasis on the contemporaneous views of a bill's opponents…. We too have held that such statements are entitled to 'little weight.' … The Second Circuit considered such speculation in *Butts* and held that 'the speculations and accusations of . . . [a] few opponents simply do not support an inference of the kind of racial animus discussed in, for example, *Arlington Heights*.' 779 F.2d at 147 (citation omitted). We agree and conclude that the district court erred in relying on conjecture by the opponents of SB 14 as to the motivations of those legislators supporting the law.

*Veasey*, 830 F.3d 216, 234 (internal citations omitted).

The United States has a proclivity to push legal arguments and facts well outside the confines of the Voting Rights Act. The Foundation's particular area of expertise—separating germane and insufficient allegations under Section 2—will therefore assist the Court by actually simplifying this case and conserving judicial resources.

The United States acknowledges, as it must, that the Foundation has been permitted to intervene in other cases. (*See* Dkt. 36 at 17 n.4.) Yet the United States argues that one court's reasoning, for example, "can be easily addressed by

allowing [the Foundation] to participate as *amicus* at appropriate junctures in this case." (*Id.*)[1] The United States' preference for which entities may or may not participate in this case cannot carry the day. For the reasons explained herein, and in its Motion to Intervene, the Foundation should be permitted to intervene.

**B.     The Court Should Grant Intervention As of Right.**

The Foundation also has a right to intervene. The United States agrees that the Foundation's motion is timely, (Dkt. 36 at 5 n. 1) but contests the other relevant factors. The Foundation addresses the United States' arguments in turn.

**1. The Foundation's Strong Interests in Defending State Election Laws Will Be Impaired if Plaintiffs Prevail.**

The Foundation is a nonprofit organization dedicated to election integrity. It exists to assist states and others to aid the cause of election integrity and fight against lawlessness in American elections. Contrary to the United States' assertions, the Foundation's interests are not mere "generalized concerns" (Dkt. 36 at 7) but are the mission of the organization. If Plaintiffs prevail—and election

---

[1] The United States points out that no objections were filed to the Magistrate's report in the *Luna* case. (Dkt. 36 at 17 n.4.) The United States failed to mention that that the district court decided to "engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge." *Luna v. Cegavske*, No. 2:17-CV-2666 JCM (GWF), 2018 U.S. Dist. LEXIS 131557, at *2 (D. Nev. Aug. 6, 2018). After reviewing the parties' briefing and recommendation, the district court found "that good cause appears to adopt the magistrate judge's findings." *Id*.

integrity reforms are undone—the Foundation's mission will be impaired. The Foundation will need to devote additional resources to make up for the loss of state authority in Georgia and wherever else litigation is brought or merely threatened. In other words, the Foundation seeks to protect its mission from the misapplications of federal law that will directly affect the Foundation's activities both in Georgia and across the country. The Foundation is not a curious observer of this subject matter. Rather, the Foundation is an invested actor. Its interest here is sufficient to support intervention.

### 2. Existing Parties Will Not Adequately Protect the Foundation's Interests.

The Foundation is making arguments not made by the Defendants. Among them, an action under Section 2 may lie on an intent only claim. The arguments to the contrary by Defendants weigh in favor of granting intervention under the adequacy of representation prong. The Foundation's position is that that it is axiomatic that an intent only claim may lie, but that in these circumstances and on the factual allegations in the complaint, it may not succeed without stretching Section 2 beyond Constitutional limits. This is the correct position, and a position that Defendants plainly have not taken.

"The 'inadequate representation' requirement 'should be treated as minimal' and is satisfied 'unless it is clear that [the existing parties] will provide adequate

representation.'" *Huff v. Commissioner*, 743 F.3d 790, 800 (11th Cir. 2014) (*quoting Chiles*, 865 F.2d at 1214). Further, Defendants have not taken a position on the Foundation's Motion much less argued that they will adequately defend the Foundation's interests. Defendants' recent filings confirm the Foundation's suspicion that the Defendants would not raise the issues the Foundation intends to raise. (Dkt. 11-1 at 8.) The Foundation's interests are thus not adequately represented.

## CONCLUSION

For these reasons and those in the Foundation's Motion to Intervene, the Court should grant the Foundation's Motion to Intervene.

July 30, 2021

Respectfully Submitted,

*/s/ Harry W. MacDougald* (Ga. # 463076)
*Counsel of Record*
CALDWELL, CARLSON, ELLIOTT & DELOACH, LLP
Two Ravinia Drive, Suite 1600
Atlanta, GA 30346
(404) 843-1956
hmacdougald@ccedlaw.com

  */s/ Kaylan Phillips*
Kaylan L. Phillips (Ind. # 30405-84)*
J. Christian Adams (Va. Bar #42543)**
Maureen S. Riordan (NY Bar 2058840)**
Public Interest Legal Foundation
32 E. Washington St., Suite 1675
Indianapolis, Indiana 46204
(317) 203-5599
(888) 815-5641 (facsimile)
Kphillips@publicinterestlegal.org

*Admitted *pro hac vice*
**Motion for admission *pro hac vice* forthcoming

## RULE 5.1 CERTIFICATE

The undersigned certifies that the foregoing document was prepared in 14-point Times New Roman font and in accordance with the margin and other requirements of Local Rule 5.1.

/s/ *Harry W. MacDougald* (Ga. # 463076)
*Counsel of Record*

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2021, I electronically filed the foregoing using the Court's ECF system, which will serve notice on all parties.

*/s/ Harry W. MacDougald* (Ga. # 463076)
*Counsel of Record*
