# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| v. | CIVIL ACTION |
| THE STATE OF GEORGIA, *et al.*, | FILE NO. 1:21-CV-02575-JPB |
| *Defendants*, | |
| REPUBLICAN NATIONAL COMMITTEE, *et al.*, | |
| *Intervenor-Defendants.* | |

**DEFENDANTS' EMERGENCY MOTION TO STAY DISCOVERY**

Defendants the State of Georgia, the Georgia State Election Board, and Brad Raffensperger, in his official capacity as Secretary of State of Georgia, respectfully request that this Court stay discovery and all related deadlines, including the parties' obligations under Local Rule 16 to hold a Rule 26(f) conference and file a Joint Preliminary Report and Discovery Plan, pending resolution of their motion to dismiss. [Doc. 38]. In that motion, Defendants demonstrate that the United States has failed to state a claim under Section 2

of the Voting Rights Act.[1] If successful, that motion will dispose of the United States' complaint in its entirety. Granting this motion to stay discovery and all related deadlines will conserve the Court's and the parties' resources, ensuring that discovery proceeds only if the Court first determines that the United States has stated a plausible claim for relief.

There is good cause to grant this motion. Absent the requested relief, the parties are scheduled to confer on August 9, 2021, pursuant to Federal Rule 26(f) and Local Rule 16. For this conference, the United States has proposed that the parties discuss discovery schedules, potential privilege assertions, details about Defendants' computer systems, whether Defendants anticipate relying on a litigation support group to assist the discovery process, and other detailed discovery-related topics. Defendants do not believe the parties should initiate such detailed discussions about discovery until the pending motions to dismiss are resolved and the Court determines what (if any) claims will proceed.

Indeed, the Eleventh Circuit has stated that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on

---

[1] Intervenor-Defendants have also filed a motion to dismiss, which similarly demonstrates that the complaint fails to state a claim and should be dismissed. [Doc. 39].

failure to state a claim for relief, should … be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). By doing so, "unnecessary costs to the litigants and to the court system can be avoided." *Id.* at 1368; *see also Lawrence v. Governor of Ga.*, 721 F. App'x 862, 864 (11th Cir. 2018) ("[W]e [have] warned of the dangers of allowing a case to proceed through the pretrial processes with a potentially invalid claim").

In fact, this Court has already stayed discovery in many of the other lawsuits currently challenging Georgia's recent election law – SB 202 – where Defendants have filed motions to dismiss. *See* Order, *Asian Ams. Advancing Justice-Atlanta v. Raffensperger*, No. 1:21-cv-01333-JPB (N.D. Ga. June 14, 2021) (staying "discovery and all related deadlines" "[i]n light of the pending motion to dismiss"); Order, *Sixth District of Afr. Methodist Episcopal Church v. Kemp*, No. 1:21-cv-01284-JPB (N.D. Ga. June 14, 2021) (same); Order, *Ga. State Conference of NAACP v. Raffensperger*, No. 1:21-cv-01259-JPB (N.D. Ga. June 14, 2021) (same); Order, *New Ga. Project v. Raffensperger*, No. 1:21-cv-01229-JPB (N.D. Ga. June 14, 2021) (same); Order, *VoteAmerica v. Raffensperger*, No. 1:21-cv-01390-JPB (N.D. Ga. June 14, 2021) (same). The Court should do likewise in this action.

Beyond the cases challenging SB 202, courts in this District routinely exercise their discretion to stay discovery pending resolution of motions to

3

dismiss. *See Jenkins v. Prime Ins. Co.*, No. 1:20-cv-01263-JPB, 2020 WL 6106626, at *1 (N.D. Ga. Apr. 21, 2020) (granting a motion to stay discovery and related deadlines pending the resolution of a motion to dismiss); *Hill v. Am.'s Wholesale Lender*, No. 1:18-cv-4530-TWT-JFK, 2018 WL 11251009, at *2 (N.D. Ga. Oct. 5, 2018) (same); *Deverze v. Uber Techs., Inc.*, No 1:19-cv-4988-CAP, 2020 WL 8918225, at *2 (N.D. Ga. Oct. 2, 2020) (same); *Roberts v. Primestar Fund I TRS, Inc.*, No. 1:17-cv-01915-MHC-AJB, 2017 WL 8780868(N.D. Ga. Aug. 4, 2017) (same); *Avery v. Newton Cnty. Recreation Comm'n*, No. 1:18-cv-5417-MHC-CCB, 2019 WL 12381188, at *2 (N.D. Ga. Mar. 1, 2019) (same).

Accordingly, Defendants respectfully request that the Court enter the accompanying proposed order, which stays all discovery deadlines in this case pending resolution of the motions to dismiss.

Respectfully submitted this 5th day of August, 2021.

> Christopher M. Carr
> Attorney General
> Georgia Bar No. 112505
> Bryan K. Webb
> Deputy Attorney General
> Georgia Bar No. 743580
> Russell D. Willard
> Senior Assistant Attorney General
> Georgia Bar No. 760280
> Charlene McGowan
> Assistant Attorney General

4

Georgia Bar No. 697316
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

Gene C. Schaerr*
Special Assistant Attorney General
Erik S. Jaffe*
H. Christopher Bartolomucci*
Brian J. Field*
Riddhi Dasgupta*
Joshua J. Prince*
**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
gschaerr@schaerr-jaffe.com
*Admitted pro hac vice*

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
Bryan F. Jacoutot
Georgia Bar No. 668272
Loree Anne Paradise
Georgia Bar No. 382202
**Taylor English Duma LLP**
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
Telephone: (678) 336-7249
btyson@taylorenglish.com

*Counsel for Defendants*

5

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing Defendants' Emergency Motion to Stay Discovery has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

/s/ *Bryan P. Tyson*
Bryan P. Tyson