IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF GEORGIA; *et al.*,<br><br>Defendants,<br><br>THE REPUBLICAN NATIONAL COMMITTEE; *et al.*,<br><br>Intervenor-Defendants. | Civil Action No.<br>1:21-CV-2575-JPB |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS'
EMERGENCY MOTION TO STAY DISCOVERY**

On June 25, 2021, the United States brought this action against the State of Georgia, the Georgia State Election Board, and Secretary of State Brad Raffensperger (collectively, "Defendants"), alleging that certain provisions of Georgia Senate Bill 202 (2021) ("SB 202") were adopted with the purpose of denying or abridging the right to vote on account of race or color, in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, and the voting guarantees

of the Fourteenth and Fifteenth Amendments to the United States Constitution.[1] *See* Compl. (ECF No. 1).  On July 28, 2021, Defendants moved to dismiss the Complaint (ECF No. 38), and on August 5, 2021, Defendants filed an emergency motion seeking to stay all discovery pending resolution of the motion to dismiss. *See* Defs.' Emergency Mot. to Stay Discovery (ECF No. 51).  In particular, Defendants seek to postpone the discovery planning conference and Joint Preliminary Report and Discovery Plan required by Fed. R. Civ. P. 26(f) and Civil Local Rule 16.  *See* Defs.' Emergency Mot. to Stay Discovery 1.  The United States opposes the motion.

      Cases under Section 2 of the Voting Rights Act are highly complex, fact-intensive matters involving extensive fact and expert discovery.  Courts examining

---

[1] The challenged provisions are (a) a ban on governmental entities distributing unsolicited absentee ballot applications (SB 202 § 25); (b) onerous fines on civic organizations that distribute duplicate or follow-up absentee ballot request forms to voters (§ 25); (c) a requirement that voters who do not have identification issued by the Georgia Department of Driver Services photocopy another form of identification in order to request an absentee ballot (§ 25); (d) a reduction in the period of time during which registrants can request absentee ballots (§ 25); (e) a reduction in the number of absentee ballot drop boxes, as well as the days and hours during which voters may use the drop boxes (§ 26); (f) a ban on civic groups providing food or water to persons waiting in long lines to vote (§ 33); and (g) a prohibition on counting most out-of-precinct provisional ballots (§ 34).  *See* Compl. ¶ 161.

Section 2 claims must conduct "'an intensely local appraisal of the design and impact' of the contested electoral mechanisms." *Thornburg v. Gingles*, 48 U.S. 30, 79 (1986) (quoting *Rogers v. Lodge*, 458 U.S. 613, 622 (1982)); *see also N.C. State Conf. of the NAACP v. McCrory*, 831 F.3d 204, 214 (4th Cir. 2016) (describing as "massive" the record in a Section 2 vote denial case challenging several provisions of an omnibus elections bill). Because the United States contends that SB 202 was enacted with a discriminatory purpose, the analysis will require a "sensitive inquiry into such circumstantial and direct evidence of intent as may be available." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977).

Among other things, discovery will involve large volumes of statewide election data, including voter lists, absentee voting records, and provisional ballot files from multiple recent elections. Because this case challenges a new voter identification requirement, data from the State Department of Driver Services may also be necessary. Non-privileged communications between state and county election officials, among others, will also be needed.

Such discovery is time consuming and, if it is to proceed efficiently, requires coordination among the parties. Given the important interests at stake and the time pressures inherent in this case because it will affect the rules that apply in

3

upcoming elections, the United States believes that, at the very least, Defendants should not be excused from their obligation to participate in a Rule 26(f) discovery planning conference and prepare a Joint Preliminary Report and Discovery Plan.[2] *See* Fed R. Civ. P. 26(f); LR 16; *see also, e.g.*, *S. Motors Chevrolet, Inc. v. General Motors, LLC*, No. CV414-152, 2014 WL 5644089, at *3 (S.D. Ga. Nov. 4, 2014) (denying motion to stay discovery because a defendant should not "be able to halt resolution of a case every time it conceives of a Rule 12 motion"); *Jones v. Bank of Am. Corp.*, No. 4:08-cv-152, 2013 WL 5657700, at *4 (M.D. Ga. Oct. 15, 2013) (denying motion to stay discovery and noting that Eleventh Circuit caselaw did not suggest that "discovery should be stayed as a matter of course whenever a defendant files a motion to dismiss").  These critical preparations will allow discovery to proceed expeditiously once the motion to dismiss is resolved.[3]

---

[2] Under Local Rule 16, absent a stay of the deadlines, the parties must conduct a Rule 26(f) conference by August 13, 2021, and file their Joint Preliminary Report and Discovery Plan by August 27, 2021.  *See* LR 16.1 & 16.2.

[3] The United States' response to Defendants' motion to dismiss is due on August 11, 2021.  As will be discussed in that response, the motion to dismiss should be denied.  Given the complex, fact-driven nature of Section 2 claims, such cases are generally ill-suited for resolution through summary judgment. *See Metts v. Murphy*, 363 F.3d 8, 11 (1st Cir. 2004) (en banc) (per curiam); *see also Ga. State Conf. of NAACP v. Fayette Cnty. Bd. of Comm'rs*, 775 F.3d 1336, 1348 (11th Cir.

This case seeks to vindicate the fundamental right of voters to participate in the political process free from racial discrimination. Given the importance of the issues at stake, any unnecessary delay should be avoided. Accordingly, the United States requests that the Court deny Defendants' emergency motion to stay discovery.

If the Court determines that a stay of discovery is appropriate, however, the United States respectfully requests that it order the parties to conduct the Rule 26(f) conference within ten days of a ruling on the motion to dismiss, and to file the Joint Preliminary Report and Discovery Plan within 21 days of a ruling on the motion to dismiss.

---

2015) ("Summary judgment in these cases presents particular challenges due to the fact-driven nature of the legal tests."). They are even more ill-suited for resolution through a motion to dismiss.

Respectfully submitted, this 6th day of August, 2021.

| | |
|---|---|
| KURT R. ERSKINE<br>Acting United States Attorney<br>Northern District of Georgia | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| AILEEN BELL HUGHES<br>Georgia Bar No. 375505<br>Assistant U.S. Attorney<br>Office of the United States Attorney<br>600 U.S. Courthouse<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303<br>Phone: (404) 581-6000<br>Fax: (404) 581-6181 | PAMELA S. KARLAN<br>Principal Deputy Assistant<br>Attorney General<br><br>*/s/ Elizabeth M. Ryan*<br>_____<br>T. CHRISTIAN HERREN, JR.<br>JOHN A. RUSS IV<br>JASMYN G. RICHARDSON<br>ERNEST A. MCFARLAND<br>ELIZABETH M. RYAN<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>4 Constitution Square<br>150 M Street NE, Room 8.923<br>Washington, D.C. 20530<br>Phone: (800) 253-3931<br>Fax: (202) 307-3961<br>john.russ@usdoj.gov<br>elizabeth.ryan@usdoj.gov |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(D)

Pursuant to Local Rule 7.1(D), I certify that the foregoing document was prepared in Times New Roman 14-point font in compliance with Local Rule 5.1(C).

/s/ Elizabeth M. Ryan
ELIZABETH M. RYAN
Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice

# CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2021, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send notification of this filing to counsel of record.

>                               */s/ Elizabeth M. Ryan*
>                               ELIZABETH M. RYAN
>                               Attorney, Voting Section
>                               Civil Rights Division
>                               U.S. Department of Justice