IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> THE STATE OF GEORGIA; *et al.*, <br><br> Defendants, <br><br> THE REPUBLICAN NATIONAL COMMITTEE; *et al.*, <br><br> Intervenor-Defendants. | Civil Action No. <br> 1:21-cv-2575-JPB |
| THE NEW GEORGIA PROJECT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, *et al.*, <br><br> Defendants. | Civil Action No. <br> 1:21-cv-01229-JPB |
| GEORGIA STATE CONFERENCE OF THE NAACP, *et al.*, | Civil Action No. <br> 1:21-cv-01259-JPB |

|  |  |
|---|---|
| Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Secretary of State for the State of Georgia, *et al.*,<br><br>Defendants. |  |
| SIXTH DISTRICT OF THE AFRICAN METHODIST EPISCOPAL CHURCH, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN KEMP, Governor of the State of Georgia, in his official capacity, *et al.*,<br><br>Defendants. | Civil Action No. 1:21-cv-01284-JPB |
| ASIAN AMERICANS ADVANCING JUSTICE–ATLANTA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, *et al.*,<br><br>Defendants. | Civil Action No. 1:21-cv-01333-JPB |

| | |
|---|---|
| THE CONCERNED BLACK CLERGY OF METROPOLITAN ATLANTA, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, *et al.*, <br><br> Defendants. | Civil Action No. 1:21-cv-01728-JPB |

**MULTIPLE PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' STATEMENT REGARDING CONSOLIDATION**

In response to this Court's order on December 9, 2021, the United States, The New Georgia Project, Georgia State Conference of the NAACP, Sixth District of the African Methodist Episcopal Church, Asian Americans Advancing Justice-Atlanta, and The Concerned Black Clergy of Metropolitan Atlanta (together, "Plaintiffs") respond to certain matters raised in Defendants' statement regarding consolidation.  *See* State Def.'s Consolidated Statement ["Def. Br."], *United States v. Georgia*, No. 1:21-cv-2575 (N.D. Ga. Dec. 14, 2021), ECF No. 71.  Plaintiffs note that they support consolidation for discovery purposes only and ask the Court to address later whether to consolidate for purposes of trial.  Plaintiffs are committed to working together to streamline discovery, including coordinating expert witnesses and drafting joint written discovery requests where possible.  However, Defendants' "options for streamlining discovery" raised in their December 14, 2021 statement are improper, premature, unrealistic, and would greatly prejudice Plaintiffs' ability to make their case.[1]

## I. ARGUMENT

Plaintiffs have already begun, and will continue, to work together to ensure that discovery and motions practice will not involve unnecessary duplication.

---

[1] A chart provided by Defendants, *see* Def. Br. at 2-3, contains multiple errors and mischaracterizations regarding claims brought by the various Plaintiffs.

However, Defendants' proposed limitations on fact and expert discovery—requested prior to all parties holding a Rule 26(f) conference—as well as Defendants' unprecedented proposal for a bellwether trial in a voting rights case, would prejudice Plaintiffs' fair opportunity to develop their case.  "[T]he trial judge should be most cautious . . . to make sure that the rights of the parties are not prejudiced by the order of consolidation under the facts and circumstances of the particular case." *Diamond Power Int'l, Inc. v. Davidson*, No. 1:04-cv-0091, 2007 WL 4373128, at *2 (N.D. Ga. Dec. 10, 2007) (quoting *Dupont v. S. Pac. Co.*, 366 F.2d 193, 196 (5th Cir. 1966)); *see also* Charles Wright and Arthur Miller, Proceedings in Consolidated Cases, 9A Fed. Prac. & Proc. Civ. § 2385 (3d ed.) (2021).  Indeed, many Plaintiff parties have not yet had a Rule 26(f) conference.

First, a large amount of discovery is in *Defendants'* control, including data that confirms the impact of the changes made by SB 202 on various racial and ethnic groups and people with disabilities.  The fact that Defendants seek to limit discovery because 2022 is an election year downplays the fact that the State of Georgia chose to pass a law that *addresses elections* and will have multiple negative effects on the ability of minority and other voters to participate in the electoral process.

Second, discussion of trial structure is premature and, regardless, bellwether trials are not appropriate in Voting Rights Act litigation nor in Plaintiffs'

constitutional undue burden claims. The *Arlington Heights* and totality of the circumstances analyses in Section 2 litigation, as well as constitutional undue burden analyses, require an extensive, case-specific, and cumulative factual record, which is particularly ill-suited for the test case approach of a bellwether trial. *See* Def. Br. at 9. Plaintiffs challenge individual harms of SB 202 as well as compounding and cascading cumulative harms because of these provisions. As this Court recognized, the State Defendants' approach of "address[ing] the challenged provisions individually rather than in connection with the specified counts of the Amended Complaint[s] * * * analyzes the challenged provisions out of context and does not account for Plaintiffs' contention that the challenged provisions also collectively violate the law." Order, *Sixth District of the AME Church v. Kemp*, No. 1:21-cv-1284 (N.D. Ga. Dec. 9, 2021), ECF 110 at 16, n.8; *see also id.* at 25, 38. Courts have regularly been able to successfully and efficiently conduct Section 2 litigation with multiple parties, claims, and legal provisions at issue.[2]

---

[2] *E.g.*, *Veasey v. Perry*, 71 F. Supp. 3d 627 (S.D. Tex. 2014), *aff'd in part, vacated in part, remanded sub nom. Veasey v. Abbott*, 796 F.3d 487 (5th Cir. 2015), *on reh'g en banc*, 830 F.3d 216 (5th Cir. 2016), *and aff'd in part, vacated in part, rev'd in part sub nom. Veasey v. Abbott*, 830 F.3d 216 (5th Cir. 2016); *N. Carolina State Conf. of the NAACP v. McCrory*, 182 F. Supp. 3d 320 (M.D.N.C. 2016), *rev'd and remanded sub nom. N. Carolina State Conf. of NAACP v. McCrory*, 831 F.3d 204 (4th Cir. 2016); *see also* Joint Motion to Consolidate,

3

Third, Defendants' proposed limitations on fact and expert discovery are improper and premature prior to a Rule 26(f) conference. Plaintiffs each allege related but differing claims regarding SB 202, and retain unique interests in this litigation, including that of the United States to ensure that states comply with federal law. Thus, although Plaintiffs are amenable to proposals such as joint discovery requests in many situations, coordinating on deposition schedules, and accessing a central repository for discovery documents, the Plaintiffs would oppose limitations in a consolidation order that would hamper their ability to vigorously pursue their claims.[3] As Defendants themselves noted, Voting Rights Act and constitutional litigation requires the development of an extensive, case-specific factual record, including the testimony of senior state officials. *See* Def. Br. at 7-8; *see also, e.g.*, *Abbott v. Perez*, 138 S. Ct. 2305, 2324-25 (2018); *LULAC v. Roscoe I.S.D.*, 123 F.3d 843, 846 (5th Cir. 1997). Discovery will likely include large

---

*League of Women Voters of Florida v. Lee*, Nos. 4:21-cv-186, 4:21-cv-187, 4:21-cv-201, 4:21-cv-242 (N.D. Fla. Nov. 30, 2021), ECF No. 334.

[3] Contrary to Defendants' assertion, bellwether treatment would not promote efficiency, as "[bellwether] trials are not binding on other litigants in the group. The outcomes can be used by the parties to assist in settlement, but the parties can also ignore these results and insist on an individual trial." Alexandra D. Lahav, *Bellwether Trials*, 76 Geo. Wash. L. Rev. 576, 581 (2008) (citing *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019 (5th Cir. 1997)). Defendants' citation to Eldon E. Fallon et. al., *Bellwether Trials in Multidistrict Litigation*, 82 Tul. L. Rev. 2323, 2325 (2008), is inapposite, as this is not multi-district litigation.

amounts of data within the control of the state and county officials, an examination of the legislative proceedings (including the statements and motivations of legislators), and other evidence.[4]

Likewise, the Defendants' proposed limitation on the number and type of expert witnesses ignores the complex nature of Section 2 litigation and the importance of a variety of expert evidence thereto. If consolidated, Plaintiffs here commit to coordinating to avoid unnecessary duplication in expert discovery. Again, discussion of the number and type of experts should be left in the first instance for the parties to negotiate in a Rule 26(f) conference.[5]

## II.   CONCLUSION

For the reasons set out above, the Plaintiff groups on this pleading request that this Court decline to impose any of the "options for streamlining discovery" recommended by Defendants.

---

[4] Notably, the two cases the State cites as examples of efficient and expeditious discovery, *Rose v. Raffensperger* (1:20-cv-02921-SDG) and *Georgia Coalition for the People's Agenda v. Raffensperger* (1:18-cv-04727-ELR), are inapposite to this litigation. Neither was a consolidated case nor involved court-ordered limits to discovery; rather, the court approved the parties' joint discovery plan in both cases without significant modification.

[5] Plaintiffs will recommend a discovery schedule in their 26(f) discussions with Defendants. Plaintiffs anticipate requesting a six-month discovery period, with briefing scheduled for a preliminary injunction on some claims ahead of the May 2022 federal primary, and another preliminary injunction regarding more fact-intensive claims ahead of the November 2022 general election.

Date:  December 17, 2021

                                        Respectfully submitted,

| | |
|---|---|
| KURT R. ERSKINE<br>United States Attorney<br>Northern District of Georgia | PAMELA S. KARLAN<br>Principal Deputy Assistant<br>Attorney General |
| /s/ Aileen Bell Hughes<br>AILEEN BELL HUGHES<br>Georgia Bar No. 375505<br>Assistant U.S. Attorney<br>Office of the United States Attorney<br>600 U.S. Courthouse<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303<br>Phone: (404) 581-6000<br>Fax: (404) 581-6181 | /s/ Rachel R. Evans<br>T. CHRISTIAN HERREN, JR.<br>JOHN A. RUSS IV<br>JASMYN G. RICHARDSON<br>RACHEL R. EVANS<br>ERNEST A. MCFARLAND<br>MAURA EILEEN O'CONNOR<br>ELIZABETH M. RYAN<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>4 Constitution Square<br>150 M Street NE, Room 8.923<br>Washington, D.C. 20530<br>Phone: (800) 253-3931<br>Fax: (202) 307-3961<br>john.russ@usdoj.gov<br>jasmyn.richardson@usdoj.gov<br><br>*Attorneys for the United States of America* |
| /s/ Uzoma N. Nkwonta<br>Uzoma N. Nkwonta*<br>Jacob D. Shelly*<br>Jyoti Jasrasaria*<br>ELIAS LAW GROUP LLP<br>10 G St. NE, Suite 600<br>Washington, D.C. 20002<br>Telephone: (202) 968-4490<br>unkwonta@elias.law | Halsey G. Knapp, Jr.<br>Georgia Bar No. 425320<br>Joyce Gist Lewis<br>Georgia Bar No. 296261<br>Adam M. Sparks<br>Georgia Bar No. 341578<br>KREVOLIN & HORST, LLC<br>1201 W. Peachtree St., NW |

jshelly@elias.law
jjasrasaria@elias.law

One Atlantic Center, Suite 3250
Atlanta, GA 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
hknapp@khlawfirm.com
jlewis@khlwafirm.com
sparks@khlawfirm.com

*Admitted pro hac vice
Counsel for Plaintiffs The New Georgia Project, et al.

/s/ Nancy G. Abudu
Nancy G. Abudu (Bar 001471)
*nancy.abudu@splcenter.org*
Pichaya Poy Winichakul (Bar 246858)
*poy.winichakul@splcenter.org*
SOUTHERN POVERTY LAW CENTER
P.O. Box 1287
Decatur, Georgia 30031-1287
Telephone: (404) 521-6700
Facsimile: (404) 221-5857

/s/ Sean J. Young
Sean J. Young (Bar 790399)
*syoung@acluga.org*
Rahul Garabadu (Bar 553777)
*rgarabadu@acluga.org*
ACLU FOUNDATION OF GEORGIA, INC.
P.O. Box 77208
Atlanta, Georgia 30357
Telephone: (678) 981-5295
Facsimile: (770) 303-0060

/s/ Adam S. Sieff
Adam S. Sieff (pro hac vice)
*adamsieff@dwt.com*
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Facsimile: (213) 633-6899

David M. Gossett (pro hac vice)
*davidgossett@dwt.com*
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500
Washington, D.C. 20005-7048
Telephone: (202) 973-4288
Facsimile: (202) 973-4499

/s/ Sophia Lin Lakin
Sophia Lin Lakin (pro hac vice)
*slakin@aclu.org*
Davin M. Rosborough (pro hac vice)
*drosborough@aclu.org*
Jonathan Topaz (pro hac vice)
*jtopaz@aclu.org*
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
Telephone: (212) 519-7836
Facsimile: (212) 549-2539

Susan P. Mizner (pro hac vice)
*smizner@aclu.org*
ACLU FOUNDATION, INC.

7

Matthew Jedreski (pro hac vice)
*mjedreski@dwt.com*
Grace Thompson (pro hac vice)
*gracethompson@dwt.com*
Brittni Hamilton (pro hac vice forthcoming)
*brittnihamilton@dwt.com*
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

*Attorneys for Plaintiffs Georgia Muslim Voter Project, Women Watch Afrika, Latino Community Fund Georgia, and The Arc of the United States*

/s/ *Bryan L. Sells*
Bryan L. Sells
Georgia Bar No. 635562
The Law Office of Bryan Sells, LLC
PO Box 5493
Atlanta, Georgia 31107
Tel: (404) 480-4212
Email: bryan@bryansellslaw.com

Jon Greenbaum*
Ezra D. Rosenberg*
Julie M. Houk*
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600

39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0781

Brian Dimmick (pro hac vice)
*bdimmick@aclu.org*
ACLU FOUNDATION, INC.
915 15th Street NW
Washington, D.C. 20005
Telephone: (202) 731-2395

/s/ *Leah C. Aden*
Leah C. Aden (pro hac vice)
*laden@naacpldf.org*
John S. Cusick (pro hac vice)
*jcusick@naacpldf.org*
NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, New York 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592

/s/ *Debo P. Adegbile*
Debo P. Adegbile (pro hac vice)
*debo.adegbile@wilmerhale.com*
Ilya Feldsherov (pro hac vice)
*ilya.feldsherov@wilmerhale.com*
WILMER CUTLER PICKERING HALE AND DORR LLP
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

George P. Varghese (pro hac vice)
*george.varghese@wilmerhale.com*
Stephanie Lin (pro hac vice)
*stephanie.lin@wilmerhale.com*
WILMER CUTLER PICKERING

8

Facsimile: (202) 783-0857

Vilia Hayes*
Neil Oxford*
Gregory Farrell*
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Admitted pro hac vice
Counsel for Plaintiffs The Georgia State Conference of the NAACP, et al.

Right column:

HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Tania Faransso (pro hac vice)
tania.faransso@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Nana Wilberforce (pro hac vice)
nana.wilberforce@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Plaintiffs Sixth District of the African Methodist Episcopal Church, Delta Sigma Theta Sorority, Georgia ADAPT, Georgia Advocacy Office, and Southern Christian Leadership Conference*

---

/s/ Phi Nguyen
PHI NGUYEN
(Georgia Bar No. 578019)
**ASIAN AMERICANS ADVANCING JUSTICE-ATLANTA**
5680 Oakbrook Parkway, Suite 148
Norcross, Georgia 30093
404 585 8446 (Telephone)
404 890 5690 (Facsimile)

Right column:

/s/ Niyati Shah
NIYATI SHAH*
TERRY AO MINNIS*º
**ASIAN AMERICANS ADVANCING JUSTICE-AAJC**
1620 L Street, NW, Suite 1050
Washington, DC 20036
202 815 1098 (Telephone)
202 296 2318 (Facsimile)

9

*pnguyen@advancingjustice-atlanta.org*

*/s/ Eileen Ma*
EILEEN MA*
**ASIAN AMERICANS ADVANCING JUSTICE-ASIAN LAW CAUCUS**
55 Columbus Avenue
San Francisco, CA 94111
415 896 1701 (Telephone)
415 896 1702 (Facsimile)
eileenm@advancingjustice-alc.org

nshah@advancingjustice-aajc.org
tminnis@advancingjustice-aajc.org

*/s/ R. Adam Lauridsen*
LEO L. LAM*
R. ADAM LAURIDSEN*
CONNIE P. SUNG*
CANDICE MAI KHANH NGUYEN*
LUIS G. HOYOS*
RYLEE KERCHER OLM*
**KEKER, VAN NEST AND PETERS LLP**
633 Battery Street
San Francisco, CA 94111-1809
415 391 5400 (Telephone)
415 397 7188 (Facsimile)
llam@keker.com
alauridsen@keker.com
csung@keker.com
cnguyen@keker.com
lhoyos@keker.com
rolm@keker.com

*Attorneys for Plaintiffs Asian Americans Advancing Justice, et al.*
*\*Admitted pro hac vice*
*º Not admitted in D.C.*

/s/ Kurt Kastorf
KURT KASTORF
Kastorf Law, LLC
1387 Iverson Street, N.E., Suite 100
Atlanta, GA 30307
Telephone: 404-900-0330
kurt@kastorflaw.com

/s/ Judith Browne Dianis
JUDITH BROWNE DIANIS*
GILDA R. DANIELS
Georgia Bar No. 762762
JORGE VASQUEZ*
ESPERANZA SEGARRA*
SABRINA KHAN*
JESS UNGER*
Advancement Project
1220 L Street, N.W., Suite 850
Washington, DC 20005
Telephone: (202) 728-9557
Jbrowne@advancementproject.org
Gdaniels@advancementproject.org
Jvasquez@advancementproject.org
Esegarra@advancementproject.org
Skhan@advancementproject.org
Junger@advancementproject.org

/s/ Clifford J. Zatz
CLIFFORD J. ZATZ*
NKECHI KANU**
WILLIAM TUCKER*
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500
CZatz@crowell.com
NKanu@crowell.com
WTucker@crowell.com

/s/ Chahira Solh
CHAHIRA SOLH*
Crowell & Moring LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: (949) 263-8400
CSolh@crowell.com

/s/ Warrington Parker
WARRINGTON PARKER*
Crowell & Moring LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: (415) 986-2827
WParker@crowell.com

*Attorneys for Plaintiffs*
*The Concerned Black Clergy of Metropolitan Atlanta, et al.*
*\*Admitted pro hac vice*
*\*\*Application for admission pro hac vice filed*

11

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(D)

Pursuant to Local Rule 7.1(D), I certify that the foregoing document was prepared in Times New Roman 14-point font in compliance with Local Rule 5.1(C).

                                                */s/ Rachel R. Evans*
                                                RACHEL R. EVANS
                                                Attorney, Voting Section
                                                Civil Rights Division
                                                U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2021, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send notification of this filing to counsel of record.

*/s/ Rachel R. Evans*
RACHEL R. EVANS
Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
