UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　v.<br><br>THE STATE OF GEORGIA et al.,<br><br>　　　Defendants. | CIVIL ACTION NO.<br>1:21-cv-02575-JPB |

## ORDER

This matter is before the Court on the Public Interest Legal Foundation's ("Proposed Intervenor") Motion to Intervene ("Motion"). ECF No. 11. Having reviewed and fully considered the papers filed therewith, the Court finds as follows:

### I.　BACKGROUND

The United States' complaint challenges aspects of Georgia Senate Bill 202 ("SB 202"), which changes certain election procedures in the state of Georgia. Proposed Intervenor seeks to intervene in this action as of right or, alternatively, by permission of the Court.

Proposed Intervenor argues that it is entitled to intervene as of right because (i) its motion is timely since it was filed shortly after the United States filed its

complaint; (ii) it has a clear interest in this action because it "has sought to maintain state control over elections," and this action seeks to "override the State of Georgia's prerogative to run its own elections;" and (iii) the State of Georgia does not adequately represent Proposed Intervenor's interests. Proposed Intervenors' Mot. 3, ECF No. 11-1.

With respect to permissive intervention, Proposed Intervenor argues that the Court should exercise discretion in Proposed Intervenor's favor because its defense shares a common question of law with the action. Specifically, Proposed Intervenor argues that it "has a special interest in the administration of state and federal election laws and this case undoubtedly involves the administration of both state and federal election laws." *Id*. at 10. Proposed Intervenor also maintains that intervention will not result in delay of the matter or otherwise prejudice the United States.

The United States argues that Proposed Intervenor is not entitled to intervene as of right because it has not identified a legally protectable interest that could be impaired by these proceedings, and it has failed to demonstrate that the interest it alleges to possess is inadequately represented by the existing defendants.

The United States further argues that permissive intervention is not appropriate because Proposed Intervenor's inclusion in this action will delay its

prompt resolution. It explains that this is especially true where Proposed Intervenor seeks to introduce arguments that will distract the parties from the central issues. In the United States' view, there is no need for intervention because Proposed Intervenor's ultimate objective is the same as the existing defendants', and those objectives are being adequately represented. The United States also points out that Proposed Intervenor has the option to participate as *amicus curiae*.

## II.   ANALYSIS

**Intervention as of Right**

Federal Rule of Civil Procedure 24(a)(2) allows third parties to intervene as of right in pending litigation where they "claim[] an interest relating to the property or transaction that is the subject of the action[] and [are] so situated that disposing of the action may as a practical matter impair or impede [their] ability to protect [their] interest, unless existing parties adequately represent that interest." *See also Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) ("A party seeking to intervene as of right under Rule 24(a)(2) must show that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.").

Importantly, "[i]ntervention of right must be supported by [a] 'direct, substantial, legally protectible interest in the proceeding.'" *Athens Lumber Co. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982) (citation omitted). In other words, "the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding." *Id*. Thus, a "generalized" concern will not support a claim for intervention as of right. *Id*.

The Eleventh Circuit Court of Appeals presumes adequate representation of a proposed intervenor's asserted interests "when an existing party seeks the same objectives" as the proposed intervenors. *Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 910 (11th Cir. 2007). When the existing party is a government entity, a court will also "'presume that the government entity adequately represents the public'" and will "'require the party seeking to intervene to make a ***strong*** showing of inadequate representation.'" *Burke v. Ocwen Fin. Corp.*, 833 F. App'x 288, 293 (11th Cir. 2020) (citation omitted) (emphasis added).

Here, the Court is not persuaded that Proposed Intervenor has shown the requisite direct and substantial interest in this proceeding. Proposed Intervenor states that it "exists to assist states and others to aid the cause of election integrity and fight against lawlessness in American elections." Proposed Intervenors' Reply Br. 6, ECF No. 41. In a nutshell, its proffered interest in this case is to assist the

State of Georgia defend the state's "prerogative" to run its elections in the way it deems appropriate. Proposed Intervenor also contends that it would assert certain defenses that the state would "feel restrained" to assert and that it would bring "particular experience to this case that will allow the issues to be more thoroughly developed." Proposed Intervenors' Mot. 3, 8, ECF No. 11-1.

However, none of these reasons demonstrates that Proposed Intervenor, *itself*, has a specific interest so situated that disposing of the action without Proposed Intervenor's participation would impair its ability to protect that interest. At best, Proposed Intervenor asserts a generalized interest in orderly elections that is widely shared by members of the voting public. Therefore, Proposed Intervenor has not demonstrated the specific interest necessary to entitle it to intervention as of right.

But even if Proposed Intervenor had demonstrated the requisite interest, it has not shown that the State of Georgia is inadequately representing that interest. The State of Georgia has a direct interest in defending its laws, and it has been clear in its pleadings that it believes SB 202 is good law and an injunction should not be issued against its implementation. It has vigorously advanced that argument, including by filing a motion to dismiss this action. Contending that the State of Georgia would be constrained in advancing certain (unidentified)

5

arguments does not satisfy the requirement to make a ***strong*** showing of inadequate representation.  Nor does it overcome the presumption that a government can adequately represent the public interest.  For this additional reason, the Court finds that Proposed Intervenor may not intervene as of right in this matter.[1]

### Permissive Intervention

"Under Rule 24(b)(2)[,] a district court may permit intervention 'when an applicant's claim or defense and the main action have a question of law or fact in common.'" *Athens*, 690 F.2d at 1367.  "The decision to allow permissive intervention . . . lies within the discretion of the district court," *id*., but "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3).

Here also, Proposed Intervenor has not carried its burden to show that intervention is warranted.  As an initial matter, Proposed Intervenor has not particularly described what claim or defense it may have in this matter.  An allegation of a general "special interest" in the administration of election laws, Proposed Intervenors' Mot. 10, ECF No. 11-1, does not equate to a specific claim

---

[1] The United States does not contest that the Motion is timely.

or defense concerning SB 202.  Without a specific claim or defense, there is no basis for a finding of commonality with a question of law or fact in this case.

In any event, the Court finds that allowing intervention in this instance poses a real risk of prejudice to the existing parties, including by compelling them to expend resources on issues extraneous to the core matter at hand.  For these reasons, the Court declines to exercise its discretion to allow permissive intervention in this case.

Accordingly, the Court **DENIES** Proposed Intervenor's Motion (ECF No. 11).[2]

**SO ORDERED** this 6th day of January, 2022.

_____
J. P. BOULEE
United States District Judge

---

[2] As noted above, Proposed Intervenor may seek leave to participate in this action as *amicus curiae*, where appropriate.