IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.<br>1:21-MI-55555-JPB |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF GEORGIA; *et al.*,<br><br>Defendants,<br><br>THE REPUBLICAN NATIONAL COMMITTEE; *et al.*,<br><br>Intervenor-Defendants. | Civil Action No.<br>1:21-CV-2575-JPB |

**UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CERTIFICATION FOR IMMEDIATE APPEAL**

# TABLE OF CONTENTS

I. DEFENDANTS FAIL TO ESTABLISH THAT RECONSIDERATION OF THE COURT'S ORDER IS NECESSARY. ...................................................2

II. DEFENDANTS FAIL TO DEMONSTRATE THAT INTERLOCUTORY APPEAL IS NECESSARY. ......................................................................7

    A. Defendants Do Not Identify A Substantial Ground for Difference of Opinion ..................................................................................................8

    B. An Interlocutory Appeal Would Not Materially Advance the Ultimate Termination of the Litigation. ............................................................10

III. CONCLUSION ................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Adler v. Wallace Comput. Servs., Inc.*,
   202 F.R.D. 666 (N.D. Ga. 2001) ...........................................................................3

*Am. Home Assurance Co. v. Glenn Estess & Assoc., Inc.*,
   763 F.2d 1237 (11th Cir. 1985) .............................................................................3

*Belmont Holdings Corp. v. SunTrust Banks, Inc.*,
   896 F. Supp. 2d 1210 (N.D. Ga. 2012) .................................................................3

*Brnovich v. Democratic National Committee*,
   141 S. Ct. 2321 (2021) ......................................................................................6, 9

*Brooks v. Miller*,
   158 F.3d 1230 (11th Cir. 1998) .........................................................................4, 5

*Bryan v. Murphy*,
   246 F. Supp. 2d 1256 (N.D. Ga. 2003) .............................................................2, 3

*Chesnut v. Ethan Allen Retail, Inc.*,
   17 F. Supp. 3d 1367 (N.D. Ga. 2014) ............................................................ 3, 5, 6

*Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Assocs., P.C.*,
   165 F. Supp. 3d 1330 (N.D. Ga. 2015) ........................................................ 7, 8, 11

*Georgia State Conf. of the NAACP v. Fayette Cty. Bd. of Comm'rs*,
   952 F. Supp. 2d 1360 (N.D. Ga. 2013) .............................................................. 11

*Gold Cross EMS, Inc. v. Children's Hosp. of Ala.*,
   108 F. Supp. 3d 1376 (S.D. Ga. 2015) ............................................................. 4, 7

*Johnson v. DeSoto County Board of Commissioners*,
   72 F.3d 1556 (11th Cir. 1996) ................................................................... passim

*Johnson v. Governor of Fla.*,
   405 F.3d 1214 (11th Cir. 2005) ........................................................................ 10

*Mays v. U.S. Postal Serv.*,
   122 F.3d 43 (11th Cir. 1997) ............................................................................. 3

*McFarlin v. Conseco Servs., Inc.*,
   381 F.3d 1251 (11th Cir. 2004) ..................................................................... 7, 11

*McMillan v. Escambia Cnty.*,
   748 F.2d 1037 (fmr. 5th Cir. 1984) .................................................................. 10

*Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*,
   916 F. Supp. 1557 (N.D. Ga. 1995) ................................................................ 3, 6

*Thornburg v. Gingles*,
   478 U.S. 30 (1986) ............................................................................................ 5

*U.S. ex rel. Powell v. Am. InterContinental Univ., Inc.*,
   756 F. Supp. 2d 1374 (N.D. Ga. 2010) ......................................................... 8, 11

*United States v. Battle*,
   272 F. Supp. 2d 1354 (N.D. Ga. 2003) ........................................................... 2, 7

*United States v. Marengo Cnty. Comm'n*,
   731 F.2d 1546 (11th Cir. 1984) ........................................................................ 10

*United States v. One Parcel of Real Prop. With Bldgs., Appurtenances & Improvements*,
   767 F.2d 1495 (11th Cir. 1985) ............................................................................8

*Village of Arlington Heights v. Metropolitan Housing Development Corp.*,
   429 U.S. 252 (1977) ................................................................................................9

**Statutes**

28 U.S.C. § 1292(b) ................................................................................... 7, 9, 12

52 U.S.C. § 10301 ................................................................................................1

**Rules**

Local Rule 7.2(E) ....................................................................................... 2, 3, 5

**Other Authorities**

Wright & Miller, *Federal Practice & Procedure*,
   16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.) ........................................................11

Last summer, the United States of America sued the State of Georgia, the Georgia State Election Board, and the Georgia Secretary of State (the "State" or the "State Defendants"), alleging that certain new election provisions in SB 202 (2021) violate Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, because they were adopted with the purpose of denying or abridging the right to vote on account of race. *See* Compl. ¶¶ 159-165 (ECF No. 1). This Court has already denied motions to dismiss that complaint filed by the State Defendants (ECF No. 38) and the Intervenors (ECF No. 39). *See* Order of Dec. 9, 2021 (ECF No. 69) ("Order"). The State Defendants now ask this Court to reconsider its well-reasoned Order or, in the alternative, to certify an interlocutory appeal. *See* Defs.' Mot. for Reconsideration (21-MI-55555, ECF No. 11; *see also* 21-CV-2575, ECF No. 78).

This Court should deny both requests. First, Defendants present no valid argument for the Court to reconsider its Order; instead, they merely seek to relitigate the arguments already considered and rejected by this Court. The essence of Defendants' argument is this: the Court got it wrong the first time. But it is blackletter law that such arguments are not an appropriate basis upon which to grant reconsideration.

Second, Defendants have not overcome the Eleventh Circuit's presumption against interlocutory appeals. There is no substantial ground for difference of

opinion on the question whether a state law adopted for the purpose of denying or abridging the right to vote on account of race violates Section 2 of the Voting Rights Act whenever it achieves, or threatens to achieve, that purpose. Even more, certification at this stage would do nothing to significantly narrow or shorten the scope of this litigation. The United States' claims are based on many of the same facts and issues as the claims brought by the other plaintiff parties in this consolidated litigation—claims which will go forward and be wholly unaffected by the interlocutory review that Defendants seek here.

I. **DEFENDANTS FAIL TO ESTABLISH THAT RECONSIDERATION OF THE COURT'S ORDER IS NECESSARY.**

1. The legal standard governing motion for reconsideration in this Court is clear, and it is stringent. Under Local Rule 7.2(E), such motions should be filed only when "absolutely necessary." LR 7.2(E), N.D. Ga. Such absolute necessity exists only where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003). With respect to the third basis for reconsideration—the only one relevant here— "[a]n error is not 'clear and obvious' if the legal issues are 'at least arguable.'" *United States v. Battle*, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (quoting *Am.*

*Home Assurance Co. v. Glenn Estess & Assoc., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)).

Accordingly, "[a] motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion." *Belmont Holdings Corp. v. SunTrust Banks, Inc.*, 896 F. Supp. 2d 1210, 1223 (N.D. Ga. 2012); *see also Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997); *Adler v. Wallace Comput. Servs., Inc.*, 202 F.R.D. 666, 675 (N.D. Ga. 2001). Likewise, Local Rule 7.2(E) does not "afford[] a dissatisfied party an opportunity to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Chesnut v. Ethan Allen Retail, Inc.*, 17 F. Supp. 3d 1367, 1370 (N.D. Ga. 2014). A motion for reconsideration is also not an opportunity to show the court how it "could have done it better." *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995) (internal quotation marks omitted); *see also Bryan*, 246 F. Supp. 2d at 1259. "If a party presents a motion for reconsideration under any of these circumstances, the motion must be denied." *Bryan*, 246 F. Supp. 2d at 1259.

2. Proper application of that legal standard shows why the Defendants' motion should be denied. Defendants do not so much as hint that there is any newly discovered evidence or legal development. Instead, their entire argument is this: the Court failed to properly apply *Johnson v. DeSoto County Board of Commissioners*, 72 F.3d 1556 (11th Cir. 1996), in analyzing their original motion to dismiss. *See* Defs.' Br. Supp. Mot. for Reconsideration, ECF No. 11-1 (hereinafter, "Defs.' Br.").

As their brief abundantly demonstrates, Defendants do nothing more than relitigate arguments that this Court has already heard, considered, and rejected. "[I]t is improper on a motion for reconsideration to ask the Court to rethink what it has already thought through—rightly or wrongly." *Gold Cross EMS, Inc. v. Children's Hosp. of Ala.*, 108 F. Supp. 3d 1376, 1379 (S.D. Ga. 2015), *aff'd*, 648 F. App'x 976 (11th Cir. 2016) (internal quotation marks and citation omitted).

The five reasons set forth by Defendants in support of their motion for reconsideration are simply a repackaging of the arguments already raised in their motion to dismiss. Defendants' first, second, and fifth reasons build upon each other. Defendants argue that (a) *DeSoto County* applies to all Section 2 claims, (b) this is demonstrated by the Eleventh Circuit's decision in *Brooks v. Miller*, 158 F.3d 1230 (11th Cir. 1998), and (c) to apply *DeSoto County* in Section 2 vote

dilution and vote denial cases "makes sense." *See* Defs.' Br. at 4-6, 11-13. Defendants already raised these exact arguments in support of their motion to dismiss, *see* Brief Supp. Defs.' Mot. to Dismiss, ECF No. 38 at 5-6 (hereinafter, "Defs.' Mot. to Dismiss"); Defs.' Reply Supp. Mot. to Dismiss, ECF No. 66 at 6-8 (hereinafter, "Defs.' Reply"). The United States has already addressed these arguments. *See* U.S. Opp. to Defs.' Mot. to Dismiss (ECF No. 58). This Court's well-reasoned Order did not find the Defendants' arguments persuasive the first time. *See* Order at 14-16. Local Rule 7.2(E) does not permit Defendants to get a second bite at the apple. *See Chesnut*, 17 F. Supp. 3d at 1370.[1]

---

[1] *Brooks*, which Defendants cited in their initial motion to dismiss and in their reply brief, *see* 21-CV-2575, ECF No. 38, at 6; *see also* 21-CV-2575, ECF No. 66 at 6-7, does nothing to support their argument that *DeSoto County* extends beyond vote-dilution cases. The reason is simple: *Brooks* was itself a vote-dilution case, albeit of a less frequent kind. It, like all other vote-dilution cases, focused on whether, "in the absence of the challenged structure or practice," the plaintiffs would "possess the *potential* to elect representatives." *Thornburg v. Gingles*, 478 U.S. 30, 51 n.17 (1986). So the *Brooks* courts' decisions to apply a modified version of the first prong of *Gingles* was entirely sensible, because that was the lens through which to ask whether the plaintiffs were "injured by that structure or practice." *Id.*; *see Brooks*, 158 F.3d at 1239-40. By contrast to the focus on election outcomes in *Gingles*, *DeSoto County*, and *Brooks*, the focus in a vote-denial case like this one is, as this Court has already explained, on opportunities to participate, regardless of election outcomes. Unlike the injury suffered by the plaintiffs in *DeSoto County* and *Brooks*, the injury alleged by the United States in this case is redressable through the relief sought in the Complaint (*e.g.*, enjoining the discriminatory provisions of SB 202).

Defendants' third reason—that *DeSoto County* is not undermined by *Brnovich v. Democratic National Committee*, 141 S. Ct. 2321 (2021) (*see* Defs.' Br. at 8-11)—has likewise already been argued by Defendants, addressed by the United States, and rejected by this Court. *See* Defs.' Mot. to Dismiss at 8; Defs.' Reply at 5; U.S. Opp. to Defs.' Mot. to Dismiss (ECF No. 58); Order at 10-15. Defendants' argument that the District Court got it wrong the first time is not a valid basis upon which to seek reconsideration. *See Pres. Endangered*, 916 F. Supp. at 1560.

Finally, Defendants' fourth reason—that this Court is bound by the prior precedent rule to apply valid Circuit jurisprudence unless and until it is expressly overruled by the Supreme Court or an *en banc* panel of the Eleventh Circuit, (Defs.' Br. at 11-12)—just misses the point. Defendants overlook that this Court *did* properly consider *DeSoto County* in its analysis of the motions to dismiss. It determined that the vote-dilution claim at issue in *DeSoto County* was materially distinguishable from the Department's purposeful vote-denial claim here. *See* Order at 14-15.

As set forth above, Defendants fail to clear the "high hurdle" required to warrant reconsideration of this Court's well-reasoned Order. *Chesnut*, 17 F. Supp. 3d at 1370. The rightness of the Court's initial denial of the motion to dismiss was

6

more than "at least arguable," *Battle*, 272 F. Supp. 2d at 1358; the denial was straightforwardly correct. The United States, therefore, respectfully requests this Court deny Defendants' Motion.

## II. <u>DEFENDANTS FAIL TO DEMONSTRATE THAT INTERLOCUTORY APPEAL IS NECESSARY.</u>

This Court should also deny the Defendants' request that it undertake the "extraordinary measure" of certifying an interlocutory appeal under 28 U.S.C. § 1292(b), "which is permitted only in exceptional circumstances." *Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Assocs., P.C.*, 165 F. Supp. 3d 1330, 1334 (N.D. Ga. 2015) (hereinafter, "*CFPB*"). "[I]nterlocutory review is not intended where there exists a 'mere question as to the correctness of the ruling.'" *Gold Cross EMS*, 108 F. Supp. 3d at 1385 (*quoting* S. Rep. No. 85-2434, *reprinted in* 1958 U.S.C.C.A.N. 5255, 5260). To obtain an interlocutory appeal under § 1292(b), a litigant must: (1) show that the appeal involves a controlling question of law; (2) establish that a substantial ground for difference of opinion exists; and (3) demonstrate that an interlocutory appeal will materially advance the ultimate termination of the litigation. *McFarlin v. Conseco Servs., Inc.*, 381 F.3d 1251, 1257 (11th Cir. 2004). In the Eleventh Circuit, there is a "strong presumption against interlocutory appeals." *United States v. One Parcel of Real Prop. With*

*Bldgs., Appurtenances & Improvements*, 767 F.2d 1495, 1498 (11th Cir. 1985). As set forth below, Defendants fail to overcome this presumption.

> **A. Defendants Do Not Identify A Substantial Ground for Difference of Opinion.**

"Parties must clear a high bar when attempting to show that a question involves a substantial ground for difference of opinion." *CFPB*, 165 F. Supp. 3d. at 1335. A "substantial ground for difference of opinion" as to a question for which an interlocutory appeal is sought exists "when a legal issue is (1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue." *Id*. A simple claim that the District Court's ruling is incorrect does not constitute a "substantial ground for difference of opinion." *See id.*; *see also U.S. ex rel. Powell v. Am. InterContinental Univ., Inc.*, 756 F. Supp. 2d 1374, 1378-79 (N.D. Ga. 2010).

Here, Defendants' argument relies on the assertion that, "although this Court did not adopt Defendants' reading of [*DeSoto County*], it cannot be denied that State Defendants' reading is a strong one. There is, in other words, a 'substantial ground for difference of opinion.'" Def. Br. at 14.[2] Defendants do not urge

---

[2] As set forth in our Opposition to Defendants' Motion to Dismiss, the United States denies that Defendants' reading of *DeSoto County* is persuasive. *See* U.S.

8

certification on the grounds of a split authority between the circuits, or between the district courts within this Circuit. Nor do the Defendants allege the legal issue is one of first impression. Instead, Defendants only offer up their disagreement with this Court's ruling as a basis to satisfy Section 1292(b)'s requirements.

This Court's Order is grounded in well-settled principles regarding Section 2 vote denial litigation. Principally, this Court found that the United States' complaint met the "key requirement" for stating a VRA Section 2 claim: an allegation under the "totality of the circumstances." Order at 10; *see also* 52 U.S.C. § 10301(b). Moreover, this Court found the allegations in the Complaint are consistent with the factors enumerated in *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 267-68 (1977), which the Supreme Court identified in *Brnovich* to be the "familiar approach" for evaluating discriminatory intent or purpose claims under the Voting Rights Act. Order at 9 (quoting *Brnovich*, 141 S. Ct. at 2348). Finally, this Court's application of *DeSoto County* is entirely consistent with the Eleventh Circuit's long-held understanding that the 1982 amendments of the Voting Rights Act merely eliminated the *requirement* of proving discriminatory purpose in a Section 2 case.

---

Opp. to Defs.' Mot. to Dismiss (ECF No. 58) at 19-22.

*See, e.g.*, *Johnson v. Governor of Fla.*, 405 F.3d 1214, 1227 (11th Cir. 2005); *United States v. Marengo Cnty. Comm'n*, 731 F.2d 1546, 1553 (11th Cir. 1984); *McMillan v. Escambia Cnty.*, 748 F.2d 1037, 1046 (fmr. 5th Cir. 1984) ("Congress intended that fulfilling *either* the more restrictive intent test or the results test would be sufficient to show a violation of [S]ection 2."); *see also* U.S. Opp. to Defs.' Mot. to Dismiss (ECF No. 58) at 18. Put simply, Defendants have failed to establish a "substantial ground" for believing their restrictive reading of Section 2 is correct. There is no reason to certify that question.

## B. An Interlocutory Appeal Would Not Materially Advance the Ultimate Termination of the Litigation.

Courts in the Eleventh Circuit have in effect combined the questions of whether the question of law is "controlling" and whether its disposition would "materially advance the ultimate termination of the litigation" into a single inquiry: whether the resolution of the legal question has the potential of "substantially accelerating disposition of the litigation, even if it would not terminate the case."[3] *Georgia State Conf. of the NAACP v. Fayette Cty. Bd. of Comm'rs*, 952 F. Supp.

---

[3] The United States does not dispute that this Court's application of *DeSoto County* is a question of law, rather than a question of fact.

2d 1360, 1362 (N.D. Ga. 2013); *see also McFarlin*, 381 F.3d at 1259; *U.S., ex rel. Powell*, 756 F. Supp. 2d at 1378.[4]

Here, there is no rational basis for a finding that an immediate appeal from the Order could materially advance this litigation. On the contrary, under the circumstances, a detour to the Eleventh Circuit would more likely delay resolution of the case. The United States' claims are based on many of the same facts and issues as the Section 2 and Fourteenth Amendment claims brought by the other Plaintiffs in this consolidated litigation, and will implicate many of the same discovery issues. The Section 2 and Fourteenth Amendment claims brought by the other Plaintiffs here would be wholly unaffected by the interlocutory review that Defendants seek here solely as to the United States' claim. The litigation will not be significantly narrowed or shortened, and no time or expense will be saved through certifying an immediate appeal. *See CFPB*, 165 F. Supp. 3d at 1339-40 (finding litigation would not be shortened where parallel claims involving similar discovery issues would remain pending).

---

[4] *See also* Wright & Miller, *Federal Practice & Procedure*, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.) ("The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law.").

11

Defendants have failed to meet Section 1292(b)'s high bar for granting the extraordinary measure of an interlocutory review, and therefore certification for immediate appeal is not warranted.

### III. <u>CONCLUSION</u>

For the reasons set forth above, the United States respectfully requests that this Court deny State Defendants' Motion for Reconsideration or, in the Alternative, Certification for Immediate Appeal (ECF No. 11).

Date: January 20, 2022

KURT R. ERSKINE
United States Attorney
Northern District of Georgia

*/s/ Aileen Bell Hughes*
AILEEN BELL HUGHES
Georgia Bar No. 375505
Assistant U.S. Attorney
Office of the United States Attorney
600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
Phone: (404) 581-6000
Fax: (404) 581-6181

Respectfully submitted,

PAMELA S. KARLAN
Principal Deputy Assistant
Attorney General

*/s/ Rachel R. Evans*
T. CHRISTIAN HERREN, JR.
JOHN A. RUSS IV
JASMYN G. RICHARDSON
RACHEL R. EVANS
ERNEST A. MCFARLAND
MAURA EILEEN O'CONNOR
ELIZABETH M. RYAN
SEJAL JHAVERI
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.923
Washington, D.C. 20530
Phone: (800) 253-3931
Fax: (202) 307-3961
john.russ@usdoj.gov
jasmyn.richardson@usdoj.gov

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(D)**

Pursuant to Local Rule 7.1(D), I certify that the foregoing document was prepared in Times New Roman 14-point font in compliance with Local Rule 5.1(C).

>*/s/ Rachel R. Evans*
> RACHEL R. EVANS
> Attorney, Voting Section
> Civil Rights Division
> U.S. Department of Justice

# CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2022, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send notification of this filing to counsel of record.

*/s/ Rachel R. Evans*
RACHEL R. EVANS
Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
