IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.<br>1:21-MI-55555-JPB |

**Joint Preliminary Report and Discovery Plan**

1.    **Description of Case:**

    **(a)    Describe briefly the nature of this action.**

    This is a joint preliminary report and discovery plan submitted by the parties in six separate voting rights lawsuits that have been consolidated for discovery purposes. The lawsuits all seek to enjoin the enforcement of certain provisions of Georgia Senate Bill 202 ("SB 202"). The lawsuits include the following parties and claims:

1.  *The New Georgia Project et al. v. Raffensperger et al.*, Case No. 21-cv-01229-JPB ("NGP Case")

    a.  **Plaintiffs**: The New Georgia Project, Black Voters Matter Fund, Rise, Inc., Elbert Solomon, Fannie Marie Jackson Gibbs, and Jauan Durbin.

b. **Defendants**: The Secretary of State of Georgia; the Vice Chair of the Georgia State Elections Board; members of the Georgia State Election Board; the Chairman of the Spalding County Board of Elections and Voter Registration; the Secretary of the Spalding County Board of Elections; the Brooks County Elections Superintendent; the Chairman of the Fulton County Registration and Elections Board; members of the county boards of elections in Spalding County, Brooks County, and Fulton County; the Solicitor General of Fulton County; and the District Attorney for Dougherty County; and, as intervenor defendants, the Republican National Committee, National Republican Senatorial Committee, National Republican Congressional Committee, and the Georgia Republican Party.

c. **Claims**: Plaintiffs contend that SB 202's challenged provisions violate their rights under Section 2 of the Voting Rights Act of 1965 (52 U.S.C. § 10301) ("VRA"), Section 10101(a)(2)(B) of the Civil Rights Act (52 U.S.C. § 10101), and the First and Fourteenth Amendments to the United States Constitution.

2. *Georgia State Conference of the NAACP et al. v. Raffensperger et al.*, Case No. 21-cv-01259-JPB ("GA NAACP Case")

2

a. **Plaintiffs:** Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, Inc., League of Women Voters of Georgia, Inc., GALEO Latino Community Development Fund, Inc., Common Cause, Lower Muskogee Creek Tribe, and The Urban League of Greater Atlanta, Inc.[1]

b. **Defendants:** Georgia Secretary of State; the members of the Georgia State Election Board; the chairman and members of the Fulton County Registration and Elections Board, the Gwinnett County Board of Registrations and Elections, and the Cobb County Board of Elections and Registration; and, as intervenor defendants, the Republican National Committee, National Republican Senatorial Committee, National Republican Congressional Committee, and the Georgia Republican Party.

c. **Claims**: Plaintiffs contend that SB 202's challenged provisions violate their rights under Section 2 of the VRA, 42 U.S.C. § 1983, the Civil Rights Act, and the First, Fourteenth, and Fifteenth Amendments to the United States Constitution.

---

[1] There is a pending stipulation and consent motion for voluntary dismissal of the Urban League of Greater Atlanta, Inc.

3

3. *Sixth District of the African Methodist Episcopal Church et al. v. Kemp et al.,* Case No. 1:21-CV-01284-JPB ("AME Case")

    a. **Plaintiffs**: Sixth District of the African Methodist Episcopal Church, Muslim Voter Project, Women Watch Afrika, Latino Community Fund Georgia, Delta Sigma Theta Sorority, Inc., The Arc of the United States, Georgia ADAPT, Georgia Advocacy Office, and Southern Christian Leadership Conference.

    b. **Defendants**: The Governor and Secretary of State of Georgia; the members of the Georgia State Election Board; the county elections boards and their members, as well as the county elections supervisors, of Fulton County, DeKalb County, Gwinnett County, Cobb County, Hall County, Clayton County, Richmond County, Bibb County, Chatham County, Clarke County, and Columbia County; and, as intervenor defendants, the Republican National Committee, National Republican Senatorial Committee, National Republican Congressional Committee, and the Georgia Republican Party.

    c. **Claims**:  Plaintiffs contend that SB 202's challenged provisions violate their rights under Section 2 the VRA, Title II of the Americans with

4

Disabilities Act (42 U.S.C. § 12131) ("ADA"), Section 504 of the Rehabilitation Act (29 U.S.C. § 794), Section 10101(a)(2)(B) of the Civil Rights Act (52 U.S.C. § 10101), and the First, Fourteenth, and Fifteenth Amendments to the United States Constitution.

4. *Asian Americans Advancing Justice-Atlanta, et al. v. Raffensperger et al.,* Case No. 1:21-cv-01333-JPB ("AJ-ATL Case")

   a. **Plaintiffs**: Asian Americans Advancing Justice–Atlanta, Steven J. Paik, Deepum Patel, Nora Aquino, Thuy Hang Tran, Thao Tran, and Anjali Enjeti-Sydow.

   b. **Defendants**: Georgia Secretary of State; the members of the Georgia State Election Board; and the county elections boards and their members, as well as the county elections supervisors, of Clayton County, Cobb County, DeKalb County, Forsyth County, Fulton County, and Gwinnett County; and, as intervenor defendants, the Republican National Committee, National Republican Senatorial Committee, National Republican Congressional Committee, and the Georgia Republican Party.

c. **Claims**: Plaintiffs contend that SB 202's challenged provisions violate their rights under Section 2 of the VRA, 42 U.S.C. § 1983, and the First, Fourteenth, and Fifteenth Amendments to the United States Constitution.

5. *The Concerned Black Clergy of Metropolitan Atlanta, Inc. et al. v. Raffensperger et al.*, Case No. 21-cv-01728-JPB ("CBC Case")

   a. **Plaintiffs:** The Concerned Black Clergy of Metropolitan Atlanta, Inc., The Justice Initiative, Inc., Samuel Dewitt Proctor Conference, Inc., Mijente, Inc., Sankofa United Church of Christ Limited, New Birth Missionary Baptist Church, Inc., Metropolitan Atlanta Baptist Ministers Union, Inc., First Congregational Church, United Church of Christ Incorporated, Georgia Latino Alliance for Human Rights, Inc., Faith in Action Network, Greater Works Ministries Network, Inc., and Exousia Lighthouse International C.M., Inc.

   b. **Defendants:** The Georgia Secretary of State and the members of the Georgia State Election Board; and, as intervenor defendants, the Republican National Committee, National Republican Senatorial Committee, National Republican Congressional Committee, and the Georgia Republican Party.

6

   c. **Claims:**  Plaintiffs contend that SB 202's challenged provisions violate their rights under Section 2 of the VRA, 42 U.S.C. § 1983, the Civil Rights Act, the First, Fourteenth, and Fifteenth Amendments to the United States Constitution, and Title II of the ADA.

6. *United States of America v. The State of Georgia et al.*, Case No. 1:21-cv-02575-JPB ("USA Case")

   a. **Plaintiff**: United States of America.

   b. **Defendants**: The State of Georgia; the State Election Board; the Georgia Secretary of State; and as intervenor defendants, the Republican National Committee, National Republican Senatorial Committee, and the Georgia Republican Party.

   c. **Claims**: Plaintiff contends that SB 202's challenged provisions were adopted with the purpose of denying or abridging Black citizens' equal access to the political process, in violation of Section 2 of the VRA.

The plaintiffs in these six lawsuits are referred to collectively as the "Consolidated Plaintiffs."  Defendants associated with the State of Georgia are referred to collectively as the "State Defendants."  Defendants associated with Georgia counties are referred to as "County Defendants."  The Republican Party

organizations are referred to as "Intervenor-Defendants." A chart summarizing which cases include which claims is in Appendix A, including which provisions of SB 202 are the subject of each lawsuit (collectively, the "Challenged Provisions").

State Defendants deny that they violated Plaintiffs' rights or discriminated against Plaintiffs and further deny that any provision of SB 202 violates any provision of the law or Constitution. County Defendants also deny that they violated Plaintiffs' rights or discriminated against Plaintiffs, but collectively take no position on the constitutionality of the provisions of SB 202. Intervenor-Defendants likewise deny that any provision of SB 202 is unlawful.

Consolidated Plaintiffs seek a Court order declaring that the Challenged Provisions of SB 202 are illegal and unconstitutional, permanently enjoining the Defendants from enforcing or giving any effect to the Challenged Provisions, or certain requirements of those provisions, authorizing the appointment of Federal observers pursuant to Section 3(a) of the Voting Rights Act, 52 U.S.C. § 10302(a), and retaining jurisdiction pursuant to Section 3(c) of the Voting Rights Act, 52 U.S.C. § 10302(c), to review any new voting qualifications, standards, practices, or procedures proposed in Georgia for as long as the Court deems appropriate. State Defendants and Intervenor-Defendants deny that Plaintiffs are entitled to any relief.

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

### (1)   Consolidated Plaintiffs' Statement of Facts

Publicly available data reflect that for more than two decades, Georgia has experienced significant demographic changes and may become a state comprised of a majority of people of color ("majority-minority") by 2030. Similarly, data reflect that voters of color currently and will continue to make up an increasingly large portion of Georgia's electorate.

Most recently, in the November 2020 general election and January 2021 runoff elections, Georgians cast a record number of votes.  This included significant turnout by Black voters and a high participation by other voters of color and voters with disabilities.  In 2020, countless Black Georgians and other Georgians of color—including those who have disabilities—waited for hours in long lines, where they were sustained by free water and refreshments offered by an array of nonpartisan civic and religious organizations. Other Georgians, who could not wait in long lines because of a disability or because they work long days and multiple jobs, returned their ballots to secure, video-monitored drop boxes, or used the flexibility afforded by early voting. Many people with disabilities, including nursing home residents,

voted through absentee ballots, after needing and receiving assistance in returning both the application for the absentee ballot and the absentee ballot itself. The work of Plaintiff organizations helped make it possible for countless voters of color, and voters with disabilities, to exercise their lawful right to vote in the 2021 Elections. Voters of color embraced absentee voting options, at unprecedented levels.  For example, in 2020, Black voters used absentee voting at far greater numbers than in previous election cycles, although Black voters' absentee ballot use first out-paced white voters' in 2018.

The November 2020 general election in Georgia resulted in historic firsts that reflected significant demographic and political shifts in the state.  Vice President Kamala Harris became the first Black and Indian-American Vice President ever elected.  Reverend Raphael Warnock, a pastor and Democratic candidate, defeated the appointed incumbent, Republican Senator Kelly Loeffler, in a federal runoff election and became Georgia's first Black senator.

Georgia Governor Kemp, Georgia Secretary of State Raffensperger, and top Georgia elections officials celebrated the 2020 elections' record participation and electoral integrity amidst numerous, baseless accusations of voter fraud.  A barrage of unsuccessful lawsuits alleging voter fraud or other electoral irregularities under

state law were filed in Georgia following the November 2020 election. Two statewide recounts confirmed the November presidential election results, the Secretary of State's office publicly rebuked the allegations of voter fraud, and almost all of the lawsuits alleging voter fraud were dropped, dismissed, or settled out of court without changing the outcome of any of the contested races. Many of the same baseless accusations of voter fraud from these unsuccessful lawsuits were repeated and entertained during out-of-session Committee hearings held in the Georgia General Assembly in December 2020. Lt. Governor Geoff Duncan has publicly acknowledged that the momentum for SB 202 was fueled by the very misinformation sowed in those committee hearings.

In response to the historic and increasing political participation of voters of color, the Georgia General Assembly considered numerous bills during its 2021-2022 Legislative Session that would place restrictions on many of the safe and secure voting options by which Black voters, voters of color, immigrant voters, voters with limited English proficiency, poor voters, student voters, older voters, and voters with disabilities exercised their right to vote in the 2020 and January 2021 elections. The legislative process behind SB 202 is marked with procedural irregularities, a rushed nature, and a lack of transparency. In 2021, consideration of all election bills was

11

stripped from the House Governmental Affairs Committee and given instead to a newly formed Special Committee on Election Integrity, chaired by a representative who had publicly recognized his goal of making absentee voting harder. On March 17, the Special Committee on Election Integrity accepted from the Senate a three-page bill about duplicative absentee ballot applications and turned it into a 90-page omnibus bill, with minimal notice to either the public or other representatives. The bill passed out of Committee five days later. On March 25, SB 202 was passed by the House and immediately sent to the Senate. State legislators foreclosed opportunities for bill amendment and brought SB 202 to a vote on the Senate floor just hours after it had been transmitted to the Senate from the House. SB 202 was passed by the Senate and signed by the Governor all on the same day, March 25, and before the legislative session had ended. Therefore, although SB 202 made significant changes to Georgia's election laws, the process that led to the bill's enactment left the public with no opportunity to meaningfully engage with, and lodge timely objections to, the legislation.

Among other provisions, SB 202 imposes: (a) a restriction on the use of mobile voting units; (b) new and burdensome ID requirements that force voters to provide ID or other sensitive personal information each time they request an

application for an absentee ballot and each time they cast an absentee ballot; (c) a delayed and compressed time period for requesting and receiving absentee ballots; (d) limitations on the use of secure drop boxes as a means of returning absentee ballots; (e) a drastic compression of time for runoff elections and a reduction in early voting in runoff elections; (f) a ban—with criminal penalties—on anyone who provides free food and water or other assistance and relief to Georgians as they wait in line to vote; (g) a complete disenfranchisement of some voters who cast out-of-precinct but in-county provisional ballots; (h) a restriction, enforced by criminal penalties, of who is allowed to assist people in submitting an application for an absentee ballot and in submitting the absentee ballot itself; (i) a prohibition on government entities' proactive mailing of absentee ballot applications; (j) a repeal of a law that required absentee ballots to be mailed to unregistered eligible voters who submit an absentee ballot application and return their registration cards by the deadline; (k) onerous fines on third party groups that distribute duplicative absentee ballot applications; and (l) the risk of disenfranchisement of voters due to meritless challenges that require an immediate defense of their qualifications.

The Challenged Provisions will affect and severely burden many Georgia voters. But consistent with Georgia's long and ongoing record of racial

13

discrimination, the harms will be unduly borne by voters of color, who: disproportionately lack IDs or will be severely burdened in obtaining access to them; use early and weekend in-person voting, especially on Sundays through "Souls to the Polls" events; rely on absentee voting; rely on mobile polling facilities; require access to secure drop boxes; rely on water and other relief to withstand the long lines they disproportionately wait in to vote; and are more likely to move and cast out-of-precinct provisional ballots.

Each of the voting restrictions imposed by SB 202 also restricts access for and discriminates against people with disabilities. Georgia voters with disabilities are less likely to drive and more likely to rely on others to get to the polls.  They are also the least likely to be able to withstand long lines at the polling place.  As a result, they rely most heavily on early voting and absentee voting in order to cast a ballot. Additionally, the cumulative burden of these provisions is severe and discriminatory—by restricting absentee voting, limiting the availability of drop boxes, restricting the use of mobile voting units, and shortening advance voting for federal runoff elections, SB 202 will force more voters to the polls on Election Day. For some Georgians, this may be simply a manageable—though unnecessary— inconvenience. But for voters of color and other historically disenfranchised

communities—who *already* endure disproportionately longer lines than white voters—the challenges created by long lines could be determinative. For voters with inflexible jobs, limited access to transportation, and caregiving responsibilities, long lines present a potentially insurmountable obstacle. For many voters with disabilities, who cannot stand in lines for long periods (or who need support to do so), who face greater transportation barriers to get to the polls, or who face architectural access barriers once they get there and require assistance from others to vote, the extra burdens and "inconveniences" are significant. And rather than receive a simple bottle of water while waiting in an even longer line, those voters may now be forced to wait without assistance for hours, and those who seek to alleviate voters' exhaustion by providing a seat, water, or other refreshments risk criminal prosecution.

### (2)   State Defendants' and Intervenor-Defendants' Statement of Facts

Following the 2020 election, which was conducted in a worldwide pandemic, the Georgia General Assembly undertook an effort to update Georgia election laws, culminating in Senate Bill 202. That legislation made changes to a number of areas of Georgia election law.

Plaintiffs challenge several of the changes made as intentionally

discriminating against voters of color; as unconstitutionally burdening the right to vote of all voters, but in particular voters of color; and as violating the Voting Rights Act by rendering the Georgia election system not equally open to all voters.

State Defendants and Intervenor-Defendants disagree that there is any burden on the right to vote and assert that the changes made in Senate Bill 202 are well within the mainstream of other states. State Defendants and Intervenor-Defendants further assert that the changes to Georgia election laws are proper exercises of the state legislative powers over elections.

### (3)   County Defendants' Statement of Facts

The County Defendants collectively do not assert a position with respect to the constitutionality of the laws that are the subject of this action or the circumstances in which the laws were adopted by the Georgia General Assembly, but with which they will be required to comply, unless determined otherwise.  The County Defendants had no role in enacting SB 202, nor do they have discretion to ignore state election law.  County Defendants note that 14 sets of county election boards and officials have been named as parties to this action with no factual basis asserted by Plaintiffs as to why their inclusion is necessary, nor any legal explanation of how complete relief could be granted to Plaintiffs by enjoining 14

16

counties, while 145 other counties in the State would not be bound by the outcome of this case.  County Defendants appear to have been named as parties to this action primarily for discovery and enforcement purposes, and are obligated to comply with SB 202 unless and until a court tells them otherwise.

   **(c)**    **The legal issues to be tried are as follows:**

   **(1)**    **Consolidated Plaintiffs', State Defendants', County Defendants', and Intervenor-Defendants' Statement of Legal Issues to Be Tried**

(1)    Whether the Challenged Provisions of SB 202 and their implementation result in the denial or abridgement of the right to vote of eligible Georgians on account of their race or color in violation of Section 2 of the VRA;

(2)    Whether the Challenged Provisions of SB 202 were adopted with the purpose of denying or abridging equal access to the political process by eligible Georgians on account of their race or color, in violation of Section 2 of the VRA, and the Fourteenth and Fifteenth Amendments to the U.S. Constitution;

(3)    Whether SB 202 and its implementation violate the First and Fourteenth Amendments to the U.S. Constitution by imposing severe burdens on the rights of eligible Georgians to vote that are not justified by any rational or compelling state interest;

(4)     Whether SB 202 and its implementation violate the First and Fourteenth Amendments to the U.S. Constitution by imposing severe burdens on the right of Georgians to engage in speech, expression, and political association that are not justified by any rational or compelling state interest;

(5)     Whether SB 202 and its implementation violate Title II of the ADA by discriminating against Georgians with disabilities regarding the right to vote;

(6)     Whether SB 202 and its implementation violate Section 504 of the Rehabilitation Act by discriminating against Georgians with disabilities regarding the right to vote;

(7)     Whether SB 202 and its implementation violate Section 10101(a)(2) of the Civil Rights Act by denying eligible Georgians the right to vote because of immaterial errors or omissions;

(8)     Whether Consolidated Plaintiffs are entitled to injunctive relief to enjoin enforcement of SB 202, in whole or in part;

(9)     Whether the Court should authorize the appointment of Federal observers pursuant to Section 3(a) of the Voting Rights Act, 52 U.S.C. § 10302(a),

(10)    Whether the Court should retain jurisdiction pursuant to Section 3(c) of the VRA to review any new voting qualifications, standards, practices, or procedures proposed in Georgia for as long as the Court deems appropriate,

(11)    Whether Plaintiffs have standing to bring these cases, and

(12)    Whether the Court can enter injunctive relief against 13 counties which would not be binding on the remaining 146 counties in the State.

### (2)    Defendant Solicitor Gammage's Statement of Legal Issues to Be Tried

(1)    Whether the challenged "line warming" provisions constitute "expression" protected by the First Amendment.

### (d)  The cases listed below (include both style and action number) are:

### (1)  Pending Related Cases:

The parties have identified the following related cases that challenge SB 202 and are pending before this Court, which have not been consolidated for discovery purposes with the Consolidated Plaintiffs' lawsuits:

1.  *VoteAmerica, et al. v. Raffensperger et al.*, Case No. 21-cv-01390-JPB

2.  *Coalition for Good Governance, et al. v. Raffensperger, et al.*, Case No. 1:21-cv-02070-JPB

19

**(2)  Previously Adjudicated Related Cases:**

None

**2.    This case is complex because it possesses one or more of the features listed below(please check):**

The parties agree that the case is complex because it possess one or more of the features below, with the exceptions noted after the list.

X____   (1)   Unusually large number of parties

_X____  (2)   Unusually large number of claims or defenses

_X____  (3)   Factual issues are exceptionally complex

_X____  (4)   Greater than normal volume of evidence

_X____  (5)   Extended discovery period is needed

_X____  (6)   Problems locating or preserving evidence

_____  (7)   Pending parallel investigations or action by government

_X____  (8)   Multiple use of experts

_____  (9)   Need for discovery outside United States boundaries

_X____  (10)  Existence of highly technical issues and proof

_____  (11)  Unusually complex discovery of electronically stored information

State Defendants and Intervenor-Defendants do not believe the facts are exceptionally difficult (factor 3) and do not believe that there will be problems locating and preserving evidence (factor 6), even if there is a significant volume of evidence.

3.     **Counsel:**

**The following individually-named attorneys are hereby designated as the lead counsel for the parties:**

**For Plaintiffs:**

1.  John A. Russ IV, Jasmyn G. Richardson, Rachel R. Evans, Ernest A. McFarland, Maura Eileen O'Connor, Elizabeth M. Ryan, and Sejal Jhaveri (United States)

2.  Meredyth Yoon, Niyati Shah, Eileen Ma, R. Adam Lauridsen (Asian Americans Advancing Justice–Atlanta, Steven J. Paik, Deepum Patel, Nora Aquino, Thuy Hang Tran, Thao Tran, and Anjali Enjeti-Sydow)

3.  Gilda Daniels, Clifford Zatz, and Jess Unger (The Concerned Black Clergy of Metropolitan Atlanta, Inc., The Justice Initiative, Inc., Samuel Dewitt Proctor Conference, Inc., Mijente, Inc., Sankofa United Church of Christ Limited, New Birth Missionary Baptist Church, Inc., Metropolitan Atlanta

Baptist Ministers Union, Inc., First Congregational Church, United Church of Christ Incorporated, Georgia Latino Alliance for Human Rights, Inc., Faith in Action Network, Greater Works Ministries Network, Inc., Exousia Lighthouse International C.M., Inc.)

4. Vilia Hayes, Julie Houk, and Ezra Rosenberg (Georgia State Conference of the NAACP; Georgia Coalition for the People's Agenda, Inc.; League of Women Voters of Georgia, Inc.; Galeo Latino Community Development Fund, Inc.; Common Cause; Lower Muskogee Creek Tribe; The Urban League of Greater Atlanta, Inc.)

5. Uzoma Nkwonta, Jyoti Jasrasaria, and Tina Meng (The New Georgia Project, Black Voters Matter Fund, Rise, Inc., Elbert Solomon, Fannie Marie Jackson Gibbs, and Jauan Durbin)

6. Leah Aden, Sophia Lin Lakin, and Rahul Garabadu (Sixth District of the African Methodist Episcopal Church, Delta Sigma Theta Sorority, Inc., Georgia ADAPT, Georgia Advocacy Office, and Southern Christian Leadership Conference)

7. Poy Winichakul (Muslim Voter Project, Women Watch Afrika, Latino Community Fund Georgia, The Arc of the United States)

22

**For Defendants:**

1. Bryan Tyson, Gene Schaerr, Chris Bartolomucci, Erik Jaffe, Brian Field, Sohan Dasgupta, Bryan Jacoutot, and Loree Anne Paradise (State Defendants and Dougherty County Defendant)

2. Daniel W. White (Brooks County and Cobb County Defendants)

3. Gregory C. Sowell (Clarke County Defendants)

4. Ali Sabzevari and Jack Hancock (Clayton County and Chatham County Defendants)

5. Thomas Cathey (Columbia County Defendants)

6. Shelley Momo, Irene Vander Els, and Bennett Bryan (DeKalb County Defendants)

7. Patrick D. Jaugstetter and Priya Patel (Forsyth County Defendants)

8. David Lowman and Cheryl Ringer (Fulton County Registration and Elections Board Defendants)

9. Steve Rosenberg (Keith Gammage, Solicitor General of Fulton County Defendant)

10. Melanie F. Wilson and Tuwanda Williams (Gwinnett County Defendants)

11. Kristin K. Bloodworth (Hall County Defendants)

12. William H. Noland (Bibb County Defendants)

13. Rachel N. Mack (Richmond County Defendants)

14. Karl P. Broder (Spalding County Defendants)

15. Tyler Green, Cam Norris, Jeff Hetzel, John Hall, Brad Carver, Alex
    Kaufman, Dowdy White, and Jake Evans (Intervenor-Defendants))

**4.     Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

    X   Yes          ____No

**Consolidated Plaintiffs** have no question regarding this Court's jurisdiction.

**State Defendants'** questions regarding this Court's jurisdiction are explained in their motions to dismiss.

**County Defendants** maintain that because Plaintiffs lack standing, this Court lacks subject matter jurisdiction over Plaintiffs' claims.

**Intervenor-Defendants** have not questioned this Court's jurisdiction to date but reserve the right to do so based on the facts developed in discovery.

**5.     Parties to This Action:**

**(a)     The following persons are necessary parties who have not been**

24

**joined:**

(1)   Consolidated Plaintiffs are not aware of any at this time.

(2)   State Defendants and Intervenor-Defendants contend that all 159 county election superintendents are necessary parties to this action.

(3)   County Defendants contend that they are not necessary parties to the suit, but if any county Defendants are deemed proper parties, then all 159 county election superintendents are necessary parties.

**(b)   The following persons are improperly joined as parties:**

None.

**(c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

The Parties agree that various State Election Board members and County Board of Election members need to be substituted pursuant to Fed. R. Civ. P. 25(d). All substituted individuals are named in their official capacities.

**Georgia State Election Board:**  Edward Lindsey and Janice Johnston have replaced Rebecca Sullivan and Anh Le on the State Election Board.  David Worley is no longer on the State Election Board and was replaced by Sarah Tindall Ghazal

(already included as a Defendant in this case). The State Election Board currently lacks a Vice Chair, but will likely elect that position at its next meeting. The Chair position of the State Election Board remains vacant at this time.

**Bibb County**: New members of the Bibb County Board of Elections: Joel Hazard, Karen Evans-Daniel, and Darius Maynard (replacing Rinda Wilson, Cassandra Powell, Henry Ficklin) Mike Kaplan and Herbert Spangler remain members. Jeanetta R. Watson has resigned as Bibb County Supervisor effective January 21, 2022.   Veronica Seals remains Bibb County Chief Registrar.

**Chatham County**: New members of the Chatham County Board of Elections: Katherine Durso and Debra Geiger (replacing Jon Pannell and Randolph Slay). Colin McRae, Wanda Andrews, and William L. Norse remain members.

**Cobb County:**  New members of the Cobb Board of Election as of July 1, 2021: Tori Silas, Stephen F. Bruning, Jennifer Mosbacher (replacing Fred Aiken, Phil Daniell, and Daryl Wilson, Jr.).   Pat Gartland and Jessica Brooks remain as members.

**DeKalb County:**  New members of the Dekalb County Board of Registration and Elections as of July 1, 2021: Nancy Jester and Karli Swift (replacing Baoky N. Vu and Samuel Tillman).  Anthony Lewis, Susan Motter, Dele Lowman Smith remain

as members.   Twyla Hart became the Interim Director of the DeKalb County Department of Voter Registration and Elections on September 9, 2021 (replacing Director Erica Hamilton).

**Forsyth County**:   New members of the Forsyth County Board of Elections and Registration are Dan Thalimer and Anita Tucker.   Joel Natt, Carla Radziknas, and Barbara Luth remain as members

**Fulton County**: New members of the Fulton County Board of Registration and Elections as of September 15, 2021:  Cathy Woolard and Teresa Crawford (replacing Alex Wan and Vernetta Nuriddin) each in his or her official capacity as member of the Fulton County Board of Registration and Elections.  Defendants Aaron Johnson, Kathleen Ruth, Mark Wingate remain as members and Richard Barron remains as director of the Fulton County Board of Registration and Elections.

**Gwinnett County:**   The new member of the Gwinnett County Board of Registrations and Elections as of September 15, 2021: Anthony Rodriguez. Alice O'Lenick, Wandy Taylor, Stephen Day and George Awuku remain as members. Zach Manifold became the Elections Supervisor on August 23, 2021, replacing Kelvin Williams who was the Acting Elections Supervisor.

**Richmond County**: New member of the Richmond County Board of Elections: Issac McAdams (replacing Bob Finnegan).  Tim McFalls, Marcia Brown, Sherry T. Barnes, and Terence Dicks remain as members.   Travis Doss, Jr. is the new Richmond County Elections Director (replacing Lynn Baily).

**Spalding County**: New members of the Spalding County Board of Elections: Ben Johnson, James Newland, Alfred Jester, and James A. O'Brien (replacing Margaret Bentley, Glenda Henley, Betty Bryant, and Vera McIntosh). Roy McClain remains as a member.

> **(d)  The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.    Amendments to the Pleadings:**

**(a)    List separately any amendments to the pleadings that the parties anticipate will be necessary:**  The Parties do not anticipate any amendments to the pleadings at this time.

**(b)    Amendments to the pleadings submitted LATER THAN THIRTY**

28

**DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

7.   **Filing Times For Motions:**

   **(a)**   *Motions to Compel*: before the close of discovery or within the extension periodallowed in some instances. Local Rule 37.1.

   **(b)**   *Summary Judgment Motions:* within thirty days after the close of discovery,unless otherwise permitted by court order. Local Rule 56.1.

   **(c)**   *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motionsfor reconsideration.

   **(d)**   *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to experttestimony no later than the date that the proposed pretrial order is submitted.  Refer to LocalRule 7.2F.

8.   **Initial Disclosures:**

   **The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.   If any party objects that initial disclosures are not appropriate, state the party and basisfor the party's objection.**

   No parties object to serving initial disclosures.

29

9.      **Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

Yes.  All parties believe it would benefit the Court and the parties to discuss the scope of discovery and the timeline for discovery and any preliminary injunction motions at a scheduling conference.

10.     **Discovery Period:**

The parties recognize that discovery has been stayed in this matter and will not commence until the date that the Court orders discovery to open.

Consolidated Plaintiffs propose that discovery begin on January 24, 2022.

State Defendants, County Defendants, and Intervenor-Defendants believe that discovery can commence on January 24, 2022 or February 1, 2022 but would prefer February 1, 2022.

**Please state below the subjects on which discovery may be needed:**

The parties anticipate that discovery may be needed in the following subject areas:

(1)      The history of the enactment of SB 202 and predecessor election bills such as House Bill 531 and Senate Bill 241, including legislative processes and rationales, and relevant communications and statements by and with legislators;

30

(2)     The demographics of eligible voters in Georgia, including by race, ethnicity, age, and disability-status;

(3)     The demographics of eligible voters, including by race, ethnicity, age, and disability-status, in Georgia who will be impacted from SB 202's challenged provisions;

(4)     The socioeconomic demographics of Georgia residents;

(5)     Facts and data related to Georgia's prior usage of the voting practices, voting procedures and election administration practices addressed by SB 202, including mobile voting units, drop boxes, mail-in voting, and out-of- precinct provisional voting;

(6)     Facts related to the State's purported justifications for enacting and enforcing the challenged provisions of SB 202 including the facts related to the State's purported interests in enacting each of the challenged provisions of SB 202;

(7)     Legislators' intent in passing SB 202, including whether and to what extent SB 202 was passed by the Georgia General Assembly for a discriminatory purpose or with discriminatory intent;

(8)    Facts and data reflecting the use of certain voting methods, like mail-in voting or out-of-precinct provisional voting, by racial or ethnic groups, age groups, or any other demographic characteristics in Georgia elections;

(9)    Facts relating to the wait times to vote and related demographics of those who wait to vote in Georgia;

(10)   Facts relating to the impact of SB 202 on the ability of eligible voters to use early voting methods, including absentee-by-mail voting;

(11)   Facts relating to the use of racial appeals in political campaigns in Georgia;

(12)   Facts relating to election histories and candidates, including the election of non-white candidates to statewide and other offices in Georgia;

(13)   Facts relating to the extent to which non-white voters have successfully elected candidates of choice;

(14)   Whether and to what extent the Georgia Secretary of State's office, Georgia State Election Board, or Georgia county boards of election have adopted policies or practices concerning the implementation of SB 202;

(15)   Whether and to what extent the Georgia Secretary of State's office or Georgia State Election Board have issued guidance or initiated trainings for Georgia county boards of elections concerning the implementation of SB 202;

(16)   The record of historical and ongoing discrimination against Black, AAPI Georgians and other Georgians of color and Georgians with disabilities, including with respect to the right to vote;

(17)   The extent to which Black, AAPI Georgians and other Georgians of color and Georgians with disabilities bear the effects of discrimination in areas such as education, employment, and health, which hinder their ability to participate in the political process;

(18)   The extent of racially polarized voting in Georgia, historically and continuing to the present day;

(19)   Responsiveness of election officials in Georgia to the particularized needs of Black residents and other minority residents;

(20)   The extent to which Georgia has used voting practices that tend to enhance the opportunity for discrimination against minorities;

(21)   Whether and to what extent SB 202 burdens the right to vote;

(22)   Whether and to what extent SB 202 violates Section 2 of the VRA;

33

(23)   Facts related to the accessibility of Georgia's election processes; and

(24)   Facts related to Plaintiffs' standing to bring this litigation.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties agree on the dates for discovery in the table below, except as noted in italics below.  The proposed dates describe a ten-month discovery schedule with two and a half months of supplemental discovery limited to the November 8, 2022 election and the December 6, 2022 runoff.

This proposed schedule includes two rounds of expert reports – one round in September and October 2022, and a round of supplemental reports in January 2023, limited to the November 8 general and December 6 runoff elections in 2022. Depositions of experts who do not plan to submit a supplemental report can take place any time agreed upon by the parties in November or December 2022. Depositions of experts who plan to submit supplemental reports will take place in late January/early February 2023.

| Date | Action |
|------|--------|
| Jan. 24, 2022 | Discovery opens. |
| *Feb. 28, 2022\*\** | *Deadline to file any motion for preliminary injunction related to the primary election.* <br> *\*\*State Defendants and Intervenor-Defendants do not agree with providing specific dates for preliminary injunction motions. County Defendants' agreement to this date does not indicate a waiver of the Purcell principle.* |
| *June 3, 2022\*\** | *Deadline to file any motion for preliminary injunction related to the general election.* <br> *\*\*Same note as above.* |
| Sept. 16, 2022 | Expert reports due. |
| Oct. 7, 2022 | Expert rebuttal reports due. |
| Oct. 21, 2022 | Expert sur-rebuttal reports due. |
| Nov. 21, 2022 | Close of discovery except for expert depositions and supplemental discovery related to the Nov. 8, 2022 election and Dec. 6, 2022 runoff election. |
| Nov. and Dec. 2022 | Depositions of experts who do not plan to submit a supplemental report. |
| Jan. 6, 2023 | Supplemental expert reports (limited to the Nov. 2022 election and any Dec. 2022 runoff) due. |
| Jan. 20, 2023 | Expert supplemental rebuttal reports due. |
| Jan. 30, 2023 – Feb. 10, 2023 | Depositions of experts who submit supplemental reports. |
| Feb. 10, 2023 | Close of supplemental discovery. |
| *March 13, 2023\** | *Motions for summary judgment due.* <br> *\*Intervenor-Defendants propose motions for summary judgment be due March 27, 2023—45 days after the close of discovery.* |
| *April 3, 2023\** | *Opposition to motions for summary judgment due.* <br> *\*Intervenor-Defendants propose that opposition briefs be due 45 days after the opening briefs.* |
| *April 17, 2023\** | *Reply in support of motions for summary judgment due.* <br> *\*Intervenor-Defendants propose that reply briefs be due 30 days after opposition briefs.* |

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

**(a)   What changes should be made in the limitations on discovery imposed under theFederal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

**i.   Limitations on Depositions**

**Consolidated Plaintiffs** propose 60 total fact depositions for the Consolidated Plaintiffs; 60 total fact depositions for the State Defendants, County Defendants, and Intervenor-Defendants; and one deposition of each expert.

**State Defendants and Intervenor-Defendants** propose that they be permitted, together, one deposition for each plaintiff and each expert and 10 additional depositions, and otherwise agree with the limits on depositions proposed by the Consolidated Plaintiffs.

**County Defendants** object to the number of proposed depositions given their lack of involvement in the drafting and enactment of the legislation; County Defendants would propose that they only be required to participate in the depositions that involve county-specific witnesses or fact issues.  The County Defendants more specifically request that the number of depositions of County Defendants be limited to five total depositions.

36

The County Defendants have a limited role in this litigation and their testimony regarding compliance with SB202 will be repetitive. Accordingly, depositions of the County Defendants should be limited. However, County Defendants should be provided with all information related to all depositions and should not be excluded from participation in the same.

### ii.   Limitations on Interrogatories

**Consolidated Plaintiffs** propose that (1) each Plaintiff Group (where a "Plaintiff Group" is all of the plaintiffs from one original case, for a total of six Plaintiff Groups) may serve 25 interrogatories on State Defendants and may serve 25 interrogatories on Intervenor-Defendants; (2) all Consolidated Plaintiffs may serve 25 interrogatories on each County Defendant; and (3) Defendants (collectively) may serve 25 interrogatories on each Plaintiff Group.

**State Defendants and Intervenor-Defendants** propose that State Defendants may serve 25 interrogatories per Plaintiff Group; Intervenor-Defendants may serve 25 interrogatories per Plaintiff Group; and each Plaintiff Group may serve 25 interrogatories to State Defendants and 25 interrogatories to Intervenor-Defendants.

**County Defendants** agree with the limits of 25 interrogatories from the

37

Consolidated Plaintiffs, collectively, to each set of County Defendants; and 25 interrogatories served on each Plaintiff from the County Defendants collectively.

### iii.   Other Limitations on Discovery

County Defendants believe Plaintiffs shall not be entitled to request documents previously requested and produced under the Georgia Open Records Act.

**(b)   Is any party seeking discovery of electronically stored information?**

    X_____ Yes                _____ No

**If "yes,"**

**(1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties are negotiating the terms of an agreement governing discovery of electronically stored information ("ESI").

**(2)   The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have**

**agreed as follows:**

The parties are negotiating the terms of an agreement governing discovery of electronically stored information ("ESI").

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference.

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties anticipate requesting the entry of a consent protective order to protect the confidentiality of voter data and other personally identifiable information.  The parties have exchanged drafts of a proposed consent protective order.  The parties are also negotiating the terms of an agreement governing discovery of ESI and anticipate requesting the entry of an order governing the discovery of ESI.

**13.    Settlement Potential:**

**(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f)  conference that was held on January 12, 2022, and**

39

that they participated in settlement discussions. **Other persons who participated in the settlement discussions are listed according to party**.

**For Plaintiffs**:

1. Maura Eileen O'Connor, Elizabeth Ryan, and Jasmyn Richardson (United States)

2. Connie Sung, Kim Leung, and Eileen Ma (Asian Americans Advancing Justice–Atlanta, Steven J. Paik, Deepum Patel, Nora Aquino, Thuy Hang Tran, Thao Tran, And Anjali Enjeti-Sydow)

3. William Tucker, Gilda Daniels, and Jess Unger (The Concerned Black Clergy of Metropolitan Atlanta, Inc., The Justice Initiative, Inc., Samuel Dewitt Proctor Conference, Inc., Mijente, Inc., Sankofa United Church of Christ Limited, New Birth Missionary Baptist Church, Inc., Metropolitan Atlanta Baptist Ministers Union, Inc., First Congregational Church, United Church of Christ Incorporated, Georgia Latino Alliance for Human Rights, Inc., Faith in Action Network, Greater Works Ministries Network, Inc., Exousia Lighthouse International C.M., Inc.)

4. Vilia Hayes, Julie Houk, and Ezra Rosenberg (Georgia State Conference of the NAACP; Georgia Coalition for the People's Agenda, Inc.; League

of Women Voters of Georgia, Inc.; Galeo Latino Community Development Fund, Inc.; Common Cause; Lower Muskogee Creek Tribe; The Urban League of Greater Atlanta, Inc.)

5. Uzoma Nkwonta, Marcos Mocine McQueen, Adam Sparks, Jyoti Jasrasaria, and Spencer McCandless (The New Georgia Project, Black Voters Matter Fund, Rise, Inc., Elbert Solomon, Fannie Marie Jackson Gibbs, and Jauan Durbin)

6. Leah Aden and Matt Jedreski (Sixth District of the African Methodist Episcopal Church, Georgia Muslim Voter Project, Women Watch Afrika, Latino Community Fund Georgia, Delta Sigma Theta Sorority, Inc., The Arc of The United States, Georgia Adapt, Georgia Advocacy Office, Southern Christian Leadership Conference)

**For Defendants**:

1. Bryan Tyson, Bryan Jacoutot, Gene Schaerr, Christopher Bartolomucci, and Brian Field (State Defendants and Dougherty County Defendant)

2. Daniel W. White (Brooks County and Cobb County Defendants)

3. Gregory C. Sowell (Clarke County Defendants)

4. Ali Sabzevari (Clayton County and Chatham County Defendants)

41

5. Thomas Cathey (Columbia County Defendants)

6. Shelley Momo and Bennett Bryan (DeKalb County Defendants)

7. Priya Patel (Forsyth County Defendants)

8. Steven Rosenberg and Cheryl Ringer (Fulton County Defendants)

9. Melanie F. Wilson and Tuwanda Williams (Gwinnett County Defendants)

10. Kristin K. Bloodworth (Hall County Defendants)

11. William H. Noland (Bibb County Defendants)

12. Rachel N. Mack (Richmond County Defendants)

13. Karl P. Broder (Spalding County Defendants)

14. Cam Norris, Tyler Green, Brad Carver, Alex Kaufman, Dowdy White, and Jake Evans (Intervenor Defendants)

**Other participants**:  Counsel for plaintiffs in the two related cases that were not consolidated for discovery also participated in the 26(f) conference but do not join in filing this report.

1. Kadie D'Ambrosio and Danielle Lang (VoteAmerica, Voter Participation Center, and Center for Voter Information).

2. Bruce Brown, Marilyn Marks, and Gregory Hecht (Coalition for Good Governance, Adam Shirley, Ernestine Thomas-Clark, Antwan Lang,

42

Patricia Pullar, Judy Mcnichols, Jackson County Democratic Committee, Georgia Advancing Progress Political Action Committee, Ryan Graham, Rhonda Martin, Jeanne Dufort, Aileen Nakamura, Elizabeth Throop, and Bradley Friedman).

a.     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.

(_____) A possibility of settlement after discovery.

(__**X\***__) A possibility of settlement, but a conference with the judge is needed.

(__**X**__) No possibility of settlement.

\* **County Defendants** believe a partial settlement is possible with regards to the claims asserted against them, but it may require the assistance of the Court.

b.     Counsel (_____) do or (__**X**__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

c.     The following specific problems have created a hindrance to settlement of

43

this case.

**Consolidated Plaintiffs, State Defendants, and Intervenor-Defendants** anticipate they will not have sufficient information to conduct meaningful settlement discussions until the close of discovery.

**County Defendants** consider settlement possible, and request a conference with the judge.

## 14. Trial by Magistrate Judge:

**Note:** Trial before a Magistrate Judge will be by jury trial if a party is otherwiseentitled to a jury trial.

(a)     The parties (__) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this day_____, of  2022.

(b)     The parties (**X**) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted,

Pamela S. Karlan
Principal Deputy Assistant
Attorney General

*/s/ Maura Eileen O'Connor*
T. Christian Herren, Jr.
John A. Russ IV
Jasmyn G. Richardson
Rachel R. Evans
Ernest A. McFarland
Maura Eileen O'Connor
Elizabeth M. Ryan
Sejal Jhaveri
Attorneys, Voting Section
Civil Rights Division
U.S. DEPARTMENT OF JUSTICE
4 Constitution Square
150 M Street NE, Room 8.923
Washington, D.C. 20530
Phone: (800) 253-3931
Fax: (202) 307-3961
john.russ@usdoj.gov
eileen.o'connor2@usdoj.gov

Kurt R. Erskine
United States Attorney
Northern District of Georgia

*/s/ Aileen Bell Hughes*
Aileen Bell Hughes
Georgia Bar No. 375505
Assistant U.S. Attorney
OFFICE OF THE UNITED STATES
ATTORNEY

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Charlene McGowan
Assistant Attorney General
Georgia Bar No. 697316
STATE LAW DEPARTMENT
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Gene C. Schaerr*
Gene C. Schaerr*
Special Assistant Attorney General
Erik Jaffe*
H. Christopher Bartolomucci*
Brian J. Field*
Riddhi Dasgupta*
Joshua J. Prince*
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
*Admitted pro hac vice*

Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411

45

600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
Phone: (404) 581-6000
Fax: (404) 581-6181

*Attorneys for Plaintiff the United
States of America*


/s/ Bryan L. Sells
Bryan L. Sells
Georgia Bar No. 635562
THE LAW OFFICE OF BRYAN
SELLS, LLC
PO Box 5493
Atlanta, Georgia 31107
Tel: (404) 480-4212
Email: bryan@bryansellslaw.com


Jon Greenbaum*
Ezra D. Rosenberg*
Julie M. Houk*
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857
Vilia Hayes*
Neil Oxford*
Gregory Farrell*
HUGHES HUBBARD & REED LLP

btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Attorneys for State Defendants and
Dougherty County Defendant*


/s/ Daniel W. White
Daniel W. White
Georgia Bar No. 153033
HAYNIE, LITCHFIELD & WHITE, PC
222 Washington Avenue
Marietta, GA  30060
(770) 422-8900
dwhite@hlw-law.com

*Attorneys for Brooks County and Cobb
County Defendants*


/s/ A. Ali Sabzevari
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527

46

One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Admitted pro hac vice*

*Attorneys for Plaintiffs Georgia State
Conference of the NAACP, Georgia
Coalition for the People's Agenda,
Inc., League of Women Voters of
Georgia, Inc., GALEO Latino
Community Development Fund, Inc.,
Common Cause, Lower Muskogee
Creek Tribe and The Urban League
of Greater Atlanta, Inc.*

/s/ Sean J. Young
Sean J. Young (Bar 790399)
*syoung@acluga.org*
Rahul Garabadu (Bar 553777)
*rgarabadu@acluga.org*
ACLU FOUNDATION OF
GEORGIA, INC.
P.O. Box 77208
Atlanta, Georgia 30357
Telephone: (678) 981-5295
Facsimile: (770) 303-0060

/s/ Sophia Lin Lakin
Sophia Lin Lakin (pro hac vice)
*slakin@aclu.org*
Davin M. Rosborough (pro hac vice)
drosborough@aclu.org

asabzevari@fmglaw.com
FREEMAN MATHIS & GARY, LLP
661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)

*Attorneys for Chatham County and
Clayton County Defendants*

/s/ Gregory C. Sowell
Gregory C. Sowell
Georgia Bar No. 668655
COOK & TOLLEY, LLP
304 East Washington Street
Athens, GA 30601
(706) 549-6111
gregsowell@cooktolley.com

*Attorneys for Clarke County Defendants*

/s/ Thomas L. Cathey
Thomas L. Cathey
Georgia Bar No. 116622
Jordan T. Bell
Georgia Bar No. 899345
HULL BARRETT, P.C.
Post Office Box 1564
Augusta, Georgia 30903-1564
(o) 706-722-4481 | (f) 706.722.9779
TCathey@hullbarrett.com
JBell@hullbarrett.com

*Attorneys for Columbia County
Defendants*

47

Jonathan Topaz (pro hac vice)
*jtopaz@aclu.org*
Dale E. Ho (pro hac vice)
*dho@aclu.org*
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
Telephone: (212) 519-7836
Facsimile: (212) 549-2539

Susan P. Mizner (pro hac vice)
*smizner@aclu.org*
ACLU FOUNDATION, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0781

Brian Dimmick (pro hac vice)
*bdimmick@aclu.org*
ACLU FOUNDATION, INC.
915 15th Street NW
Washington, D.C. 20005
Telephone: (202) 731-2395


*/s/ Leah C. Aden*
Leah C. Aden (pro hac vice)
*laden@naacpldf.org*
John S. Cusick (pro hac vice)
*jcusick@naacpldf.org*
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, New York 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592

*/s/ Laura K. Johnson*
Laura K. Johnson
Georgia Bar No. 392090
Bennett D. Bryan
Ga. Bar No. 157099
Irene B. Vander Els
Georgia Bar No. 033663
Shelley D. Momo
Georgia Bar No. 239608
DEKALB COUNTY LAW
DEPARTMENT
1300 Commerce Drive, 5th Floor
Decatur, Georgia 30030
Telephone:  (404) 371-3011
Facsimile:  (404) 371-3024
lkjohnson@dekalbcountyga.gov
benbryan@dekalbcountyga.gov
ivanderels@dekalbcountyga.gov
sdmomo@dekalbcountyga.gov

*Attorneys for DeKalb County
Defendants*


*/s/ Patrick D. Jaugstetter*
Patrick D. Jaugstetter
Georgia Bar No. 389680
JARRARD & DAVIS, LLP
222 Webb Street
Cumming, GA  30040
(678) 455-7150
patrickj@jarrard-davis.com

*Attorneys for Forsyth County
Defendants*

48

/s/ Debo P. Adegbile
Debo P. Adegbile (pro hac vice)
*debo.adegbile@wilmerhale.com*
Ilya Feldsherov (pro hac vice)
*ilya.feldsherov@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

George P. Varghese (pro hac vice)
*george.varghese@wilmerhale.com*
Stephanie Lin (pro hac vice)
*stephanie.lin@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Tania Faransso (pro hac vice)
*tania.faransso@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Nana Wilberforce (pro hac vice)
*nana.wilberforce@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP

OFFICE OF THE FULTON COUNTY
ATTORNEY
Y. Soo Jo
County Attorney
Georgia Bar Number: 385817
Soo.jo@fultoncountyga.gov
Kaye W. Burwell
Georgia Bar Number: 775060
kaye.burwell@fultoncountyga.gov
Cheryl Ringer
Georgia Bar Number: 557420
cheryl.ringer@fultoncountyga.gov

/s/ David R. Lowman
David Lowman
Georgia Bar Number: 460298
david.lowman@fultoncountyga.gov
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)

*Attorneys for Fulton County Defendants*

OFFICE OF THE FULTON COUNTY
ATTORNEY
Y. Soo Jo
County Attorney
Georgia Bar Number: 385817
Soo.jo@fultoncountyga.gov
Kaye W. Burwell
Deputy County Attorney

49

350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Plaintiffs Sixth District
of the African Methodist Episcopal
Church, Delta Sigma Theta Sorority,
Georgia ADAPT, Georgia Advocacy
Office, and Southern Christian
Leadership Conference*

/s/ Nancy G. Abudu
Nancy G. Abudu (Bar 001471)
*nancy.abudu@splcenter.org*
Pichaya Poy Winichakul (Bar 246858)
*poy.winichakul@splcenter.org*
SOUTHERN POVERTY LAW
CENTER
P.O. Box 1287
Decatur, Georgia 30031-1287
Telephone: (404) 521-6700
Facsimile: (404) 221-5857

/s/ Adam S. Sieff
Adam S. Sieff (pro hac vice)
*adamsieff@dwt.com*
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Facsimile: (213) 633-6899

Matthew Jedreski (pro hac vice)
*mjedreski@dwt.com*

Georgia Bar Number: 775060
kaye.burwell@fultoncountyga.gov

/s/ Steven Rosenberg
Steven Rosenberg
Deputy County Attorney
Georgia Bar No. 614560
Steven.Rosenberg@fultoncountyga.gov
Amelia M. Joiner
Assistant County Attorney
Georgia Bar No. 362825
amelia.joiner@fultoncountyga.gov
Emilie O. Denmark
Assistant County Attorney
Georgia Bar No. 185110
emilie.denmark@fultoncountyga.gov
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)

*Attorneys for Defendant Fulton
County Solicitor Gammage*

/s/ Tuwanda Rush Williams
Tuwanda Rush Williams
Deputy County Attorney
Georgia Bar No. 619545
/s/ Melanie F. Wilson
Melanie F. Wilson
Senior Assistant County Attorney
Georgia Bar No. 768870
GWINNETT COUNTY
DEPARTMENT OF LAW

Grace Thompson (pro hac vice)
gracethompson@dwt.com
Brittni Hamilton (pro hac vice)
brittnihamilton@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

David M. Gossett (pro hac vice)
davidgossett@dwt.com
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500
Washington, D.C.  20005-7048
Telephone: (202) 973-4288
Facsimile: (202) 973-4499

*Attorneys for Plaintiffs Georgia Muslim Voter Project, Women Watch Afrika, Latino Community Fund Georgia, and The Arc of the United States*

/s/ Uzoma N. Nkwonta
Uzoma N. Nkwonta*
Jacob D. Shelly*
Jyoti Jasrasaria*
Tina Meng*
Marcos Mocine-McQueen*
Spencer McCandless*
ELIAS LAW GROUP LLP
10 G St. NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490

75 Langley Drive
Lawrenceville, Georgia 30046-6900
(770) 822-8700

*Attorneys for Gwinnett County Defendants*

/s/ Kristin K. Bloodworth
Kristin K. Bloodworth
Georgia Bar No. 940859
STEWART, MELVIN & FROST
P.O. Box 3280
Gainesville, Georgia 30503
770/536-0101 (phone)
kbloodworth@smf-law.com

*Attorneys for Hall County Defendants*

/s/ William H. Noland
William H. Noland
Georgia Bar No. 545605
william@nolandlawfirmllc.com
Grace Simms Martin
Georgia Bar No. 279182
grace@nolandlawfirmllc.com
NOLAND LAW FIRM, LLC
5400 Riverside Drive, Suite 205
Macon, Georgia 31210
(478)621-4980 telephone
(478)621-4282 facsimile

*Attorneys for Macon-Bibb County Defendants*

unkwonta@elias.law
jshelly@elias.law
jjasrasaria@elias.law
tmeng@elias.law
mmcqueen@elias.law
smccandless@elias.law

Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Joyce Gist Lewis
Georgia Bar No. 296261
Adam M. Sparks
Georgia Bar No. 341578
KREVOLIN & HORST, LLC
1201 W. Peachtree St., NW
One Atlantic Center, Suite 3250
Atlanta, GA 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
hknapp@khlawfirm.com
jlewis@khlwafirm.com
sparks@khlawfirm.com

*Admitted pro hac vice*

*Attorneys for Plaintiffs The New Georgia Project, Black Voters Matter Fund, Rise, Inc., Elbert Solomon, Fannie Marie Jackson Gibbs, and Jauan Durbin*

/s/ Phi Nguyen
Phi Nguyen (Georgia Bar No. 578019)
ASIAN AMERICANS ADVANCING

/s/ Rachel N. Mack
Rachel N. Mack
Deputy General Counsel
Georgia Bar No. 104990
AUGUSTA LAW DEPARTMENT
535 Telfair Street
Building 3000
Augusta, Georgia 30901
(706) 842-5550
rmack@augustaga.gov

*Attorneys for Richmond County Defendants*

/s/ Karl P. Broder
Karl P. Broder
Ga. State Bar No. 185273
100 South Hill St. - Suite 600
Griffin, Georgia 30223
(770) 227-4000
(770) 229-8524
kbroder@beckowen.com
BECK, OWEN, & MURRAY

*Attorneys for Spalding County Defendants*

/s/ Tyler R. Green
Tyler R. Green (pro hac vice)
Cameron T. Norris (pro hac vice)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209

52

JUSTICE-ATLANTA
5680 Oakbrook Parkway, Suite 148
Norcross, Georgia 30093
404 585 8446 (Telephone)
404 890 5690 (Facsimile)
*pnguyen@advancingjustice-atlanta.org*

*/s/ Eileen Ma*
Eileen Ma*
ASIAN AMERICANS ADVANCING
JUSTICE-ASIAN LAW CAUCUS
55 Columbus Avenue
San Francisco, CA 94111
415 896 1701 (Telephone)
415 896 1702 (Facsimile)
*eileenm@advancingjustice-alc.org*

*/s/ Niyati Shah*
Niyati Shah*
Terry Ao Minnis*º
ASIAN AMERICANS ADVANCING
JUSTICE-AAJC
1620 L Street, NW, Suite 1050
Washington, DC 20036
202 815 1098 (Telephone)
202 296 2318 (Facsimile)
*nshah@advancingjustice-aajc.org*
*tminnis@advancingjustice-aajc.org*

*/s/ R. Adam Lauridsen*

(703) 243-9423
tyler@consovoymccarthy.com

John E. Hall, Jr.
  Georgia Bar No. 319090
William Bradley Carver, Sr.
  Georgia Bar No. 115529
W. Dowdy White
  Georgia Bar No. 320879
Alex B. Kaufman
  Georgia Bar No. 136097
James Cullen Evans
  Georgia Bar No. 797018
HALL BOOTH SMITH, P.C.
191 Peachtree St. NE, Ste. 2900
Atlanta, GA 30303
(404) 954-6967

*Attorneys for Intervenor-Defendants*

Leo L. Lam*
R. Adam Lauridsen*
Connie P. Sung*
Candice Mai Khanh Nguyen*
Luis G. Hoyos*
Rylee Kercher Olm*
KEKER, VAN NEST AND PETERS
LLP
633 Battery Street
San Francisco, CA 94111-1809
415 391 5400  (Telephone)
415 397 7188 (Facsimile)
*llam@keker.com*
*alauridsen@keker.com*
*csung@keker.com*
*cnguyen@keker.com*
*lhoyos@keker.com*
*rolm@keker.com*

 *Attorneys for Plaintiffs*
  *\*Admitted pro hac vice*
 *° Not admitted in D.C.*

*Attorneys for Plaintiffs Asian*
*Americans Advancing Justice–Atlanta,*
*Steven J. Paik, Deepum Patel, Nora*
*Aquino, Thuy Hang Tran, Thao Tran,*
*and Anjali Enjeti-Sydow*


*/s/ Kurt Kastorf*
Kurt Kastorf
KASTORF LAW, LLC
1387 Iverson Street, N.E., Suite 100
Atlanta, GA 30307
Telephone: 404-900-0330

kurt@kastorflaw.com

Judith Browne Dianis*
Gilda R. Daniels
Georgia Bar No. 762762
Sabrina Khan*
Jess Unger*
ADVANCEMENT PROJECT
1220 L Street, N.W., Suite 850
Washington, DC 20005
Telephone: (202) 728-9557
Jbrowne@advancementproject.org
Gdaniels@advancementproject.org
Skhan@advancementproject.org
Junger@advancementproject.org

Clifford J. Zatz*
William Tucker*
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500
CZatz@crowell.com
WTucker@crowell.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs The Concerned
Black Clergy of Metropolitan Atlanta,
Inc., The Justice Initiative, Inc., Samuel
Dewitt Proctor Conference, Inc.,
Mijente, Inc., Sankofa United Church
of Christ Limited, New Birth
Missionary Baptist Church, Inc.,
Metropolitan Atlanta Baptist Ministers
Union, Inc., First Congregational*

55

*Church, United Church of Christ*
*Incorporated, Georgia Latino Alliance*
*for Human Rights, Inc., Faith in Action*
*Network, Greater Works Ministries*
*Network, Inc., Exousia Lighthouse*
*International C.M., Inc.*

## SCHEDULING ORDER

Upon review of the information contained in the Amended Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2022.