**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.:<br>1:21-MI-55555-JPB |

**CONSOLIDATED/JOINT DISCOVERY STATEMENT**

## I.   Background

Plaintiffs served discovery requests on Georgia GOP ("GAGOP") on March 4, 2022, and over the past year, the parties have been engaged in a discovery dispute, including several unsuccessful meet and confers, over GAGOP's assertions of attorney-client privilege. Relatedly, Plaintiffs served a deposition subpoena on Brad Carver, the appointed chair of the GAGOP Election Confidence Task Force ("Task Force"). The parties will address Mr. Carver's subpoena in a separate statement, but their disagreement over that subpoena turns in large part on the resolution of this privilege issue. The parties thus seek guidance from the Court to address the privilege dispute.

### A.   Plaintiffs' Position

Plaintiffs seek documents and communications from GAGOP related to election reform proposals or recommendations it provided to Georgia legislators. Documents obtained through discovery indicate that GAGOP, its Task Force, and Mr. Carver, assisted in drafting SB 202. Documents and communications related to these activities are highly relevant, but were improperly withheld under the attorney-client privilege—the main privilege GAGOP has asserted in this case.[1] These documents consist of: (1)

---

[1] GAGOP also appears to assert work-product protection over approximately two dozen documents, all of which pre-date this lawsuit, but fails to explain how such documents could have been prepared in anticipation of litigation. And GAGOP never asserted First Amendment privilege in its privilege log, or at any point before submitting this joint statement, as to the documents in Exhibit A.

1

communications with third parties; and (2) communications made to facilitate lobbying activities or purposes other than providing legal advice.

While GAGOP claims attorney-client privilege over hundreds of communications "between attorneys retained by the Georgia GOP and party leaders," Ex. A, Rows 1-375, they have yet to provide Plaintiffs with sufficient information to ascertain who is a "party leader," and whether attorney-client relationships existed with these individuals or the dozens, if not hundreds, of other recipients jointly copied across these emails, *see e.g.*, *id.* Rows 305-338 (communications each copying more than a dozen individuals). *See United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991) (party invoking attorney-client privilege has the burden of proving that an attorney-client relationship existed and that the communications were confidential).

Additionally, many communications that GAGOP has withheld on the basis of attorney-client privilege appear to be made not for the purpose of providing legal advice, but for lobbying activities.[2] It is GAGOP's burden to show that "the primary purpose of the communication was to relay, request or transmit legal advice." *United States v. Davita, Inc.*, 301 F.R.D. 676, 682 (N.D. Ga. 2014). "[S]tandard lobbying . . . is inadequate to invoke the attorney-client privilege," especially where "there is no apparent legal advice sought or given." *Brantley Cnty. Dev. Partners, LLC v. Brantley*

---

[2] In many instances, there is also insufficient information to determine the purpose of the communication. *See, e.g.*, Ex. A, Rows 240, 242.

2

*Cnty.*, No. 6:05-02152, 2021 WL 2678197, at *2 (S.D. Ga. June 29, 2021); *see also BCD, LLC v. BMW Mfg. Co., LLC*, No. 5:19-cv-109, 2006 WL 8443166, at *3 (D.S.C. June 30, 2006) (ordering production of attorney communications that "more closely relate to lobbying strategies").[3] Here, many of the withheld communications are related to GAGOP's involvement in drafting legislation or consideration of bills, which constitute lobbying and are not privileged. *See, e.g.*, Ex. A, Rows 28, 32 (emails between Mr. Carver and GAGOP leaders titled "Re: Suggested Changes to SB202"); Rows 406-410 (communications related to "language" or "substance" of senate bills); O.C.G.A. § 21-5-70(5)(A) (defining lobbying as "undertaking to promote or oppose the passage of any legislation by the General Assembly"). Finally, GAGOP broadly asserts that Mr. Carver's communications related to the Task Force should be withheld because he acted as an attorney for the group.[4] But in Mr. Carver's produced emails,

---

[3] The non-binding cases cited by Intervenors are not to the contrary. Those cases confirm that lobbying-related communications are only privileged if they "rise to the level of legal advice." *Robinson v. Texas Auto. Dealers Ass'n*, 214 F.R.D. 432, 445 (E.D. Tex. 2003). *See also id.* at 445 (advice "characterized as merely political, rather than legal" is not privileged); *Weissman v. Fruchtman*, No. 83 CIV. 8958 (PKL), 1986 WL 15669, at *15 (S.D.N.Y. Oct. 31, 1986) (concluding after *in camera* review that communications were privileged because it sought legal advice on pending legislation); *In re Grand Jury Subpoenas dated Mar. 9, 2001*, 179 F. Supp. 2d 270, 285 (S.D.N.Y. 2001) (concluding attorneys acted primarily as lobbyists, and thus attorney-client privilege did not apply).

[4] Plaintiffs do not seek any documents created after the enactment of SB 202 that might be related to Mr. Carver's representation of GAGOP in this case. *See* ECF Nos. 120-1 at §§ II.B-C; 122 (ESI Orders).

he explains that "in [his] party capacity," he chaired the Task Force which provided "recommendations" about election issues to the legislature. GAGOP_0002307. This describes lobbying activity rather than giving legal advice. Given Mr. Carver's mixed role, the privilege log's "boilerplate assertions regarding the subject matter of the documents" are insufficient for Plaintiffs to determine whether a communication is privileged legal advice, or non-privileged general lobbying strategy. *Meade v. Gen. Motors, LLC*, 250 F. Supp. 3d 1387, 1396 (N.D. Ga. 2017). Thus, all documents in Exhibit A that are withheld or redacted on the basis of Mr. Carver's representation of the Task Force should be produced.

### B. Intervenors' Position

Plaintiffs complain that GAGOP has asserted the attorney-client privilege over hundreds of documents. So have they.[5] And Intervenor Defendants have produced over 1,300 documents. GAGOP has objected to the production of additional documents and to deposition testimony from Brad Carver on several grounds: relevance (*e.g.*, many are outside the relevant time frame, which for the GAGOP is the date when the Election Confidence Task Force was formed (January 6, 2021) through the signing of SB 202 (March 25, 2021); 1st Amendment Privilege (documents or communications related to

---

[5] For comparison purposes, various Plaintiffs have also objected to the production of "hundreds" of documents on the grounds of privilege. For example:
- Georgia Muslim Voter Project – 185 documents; and
- The ARC of the United States – 111 documents.

4

the associational plans or strategies of the GAGOP, the disclosure of which would impact its members' political activities); and attorney-client privilege (documents or communications between Mr. Carver or other Intervenor-Defendant attorneys and party leaders made for purposes of requesting or providing legal advice).

Plaintiffs claim that the GAGOP asserts privilege over communications with "hundreds" of individuals. This is false. There are four categories of emails over which the privilege has been asserted: (1) internal Hall Booth Smith emails; (2) emails involving only attorneys and GAGOP staff; (3) emails involving only members of the initial Task Force (as identified in its report); and (4) emails involving only members of the expanded Task Force, which was expanded <u>after</u> SB 202 was signed. Plaintiffs' revision of the GAGOP's privilege log – attached as Exhibit A – appears to concede that certain of these communications are in fact privileged. The primary issue appears to be the communications with members of the Task Force, which Plaintiffs attempt to differentiate as lobbying, rather than a legal effort. Without conceding that point, a lawyer can be both "acting as a lobbyist and having privileged communications with a client who is seeking legal advice." *In re Grand Jury Subpoenas*, 179 F.Supp.2d 270, 285 (S.D.N.Y.2001). Even when lobbying, the attorney-client privilege protects communications regarding legal advice, like legal analysis of legislation and interpretation or application of the legislation to fact scenarios. *Robinson v. Texas Auto.*

5

*Dealers Ass'n,* 214 F.R.D. 432, 446 (E.D.Tex.2003), *vacated in other part*, 2003 WL 21911333, at *1 (5th Cir. July 25, 2003); *see also Weissman v. Fruchtman,* 1986 WL 15669, at *15 (S.D.N.Y. Oct. 31, 1986) (finding attorney-client privilege properly invoked where client sought legal advice on pending legislation).

Absent some other objection or privilege, GAGOP has produced all relevant communications related to traditional lobbying. GAGOP has asserted the attorney-client privilege over some of the communications between Mr. Carver and other attorneys and GAGOP staff and Task Force members because those communications related to the request for or provision of legal advice. Drafting the provisions of a law, interpreting those provisions, and addressing the potential impact of them are all activities that inherently involve the type of advice and analysis performed by an attorney. Because these activities involve the request for or provision of legal services, Mr. Carver's communications pertained to providing legal advice are privileged.

Plaintiffs also bemoan GA GOP's privilege log and descriptions. For each entry, GA GOP's privilege log includes the parties to the documents or communication, the date it was created or sent, the subject, the author, and a description. *See* Exhibit B – Privilege Log.  As can been by Exhibit A, GAGOP's log is comparable to Plaintiffs', and in many cases, is more robust.

Date: February 24, 2023

/s/ *Uzoma N. Nkwonta*
Uzoma N. Nkwonta*
Jacob D. Shelly*
Spencer Klein*
Tina Meng Morrison*
Marcos Mocine-McQueen*
Samuel T. Ward-Packard*
ELIAS LAW GROUP LLP
10 G St. NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
unkwonta@elias.law
jshelly@elias.law
sklein@elias.law
tmengmorrison@elias.law
mmcqueen@elias.law
swardpackard@elias.law

Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Joyce Gist Lewis
Georgia Bar No. 296261
Adam M. Sparks
Georgia Bar No. 341578
KREVOLIN & HORST, LLC
1201 W. Peachtree St., NW
One Atlantic Center, Suite 3250
Atlanta, GA 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
hknapp@khlawfirm.com
jlewis@khlwafirm.com
sparks@khlawfirm.com

*Admitted pro hac vice*

/s/ *Kurt Kastorf*
Kurt Kastorf (GA Bar No. 315315)
KASTORF LAW, LLC
1387 Iverson Street, N.E., Suite 100
Atlanta, GA 30307
Telephone: 404-900-0330
kurt@kastorflaw.com

Judith Browne Dianis*
Angela Groves*
Matthew A. Fogelson*
ADVANCEMENT PROJECT
1220 L Street, N.W., Suite 850
Washington, DC 20005
Telephone: (202) 728-9557
JBrowne@advancementproject.org
AGroves@advancementproject.org
MFogelson@advancementproject.org

Joseph J. Wardenski*
WARDENSKI P.C.
195 Plymouth Street, Suite 519
Brooklyn, NY 11201
Tel: (347) 913-3311
Fax: (347) 467-7237
joe@wardenskilaw.com

Clifford J. Zatz*
Justin D. Kingsolver*
William Tucker*
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500
CZatz@crowell.com
JKingsolver@crowell.com
WTucker@crowell.com

7

*Attorneys for Plaintiffs The New Georgia Project, Black Voters Matter Fund, Rise, Inc., Elbert Solomon, Fannie Marie Jackson Gibbs, and Jauan Durbin*

/s/ *Bryan L. Sells*
Bryan L. Sells
Georgia Bar No. 635562
THE LAW OFFICE OF BRYAN SELLS, LLC
PO Box 5493 Atlanta, Georgia 31107
Tel: (404) 480-4212
Email: bryan@bryansellslaw.com

Jon Greenbaum*
Ezra D. Rosenberg*
Julie M. Houk*
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street NW, Suite 900 Washington, D.C. 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857

Vilia Hayes*
Neil Oxford*
Gregory Farrell*
HUGHES HUBBARD & REED LLP
One Battery Park Plaza New York, New York 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

/s/ *Laurence F. Pulgram*
Laurence F. Pulgram*

Jordan Ludwig*
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
Telephone: (213) 443-5524
JLudwig@crowell.com

*Admitted pro hac vice

*Attorneys for Plaintiffs The Concerned Black Clergy of Metropolitan Atlanta, Inc., The Justice Initiative, Inc., Metropolitan Atlanta Baptist Ministers Union, Inc., First Congregational Church, United Church of Christ Incorporated, Georgia Latino Alliance for Human Rights, Inc., Faith in Action Network, Greater Works Ministries Network, Inc., Exousia Lighthouse International C.M., Inc.*

/s/ *Rahul Garabadu*
Rahul Garabadu (Bar 553777)
*rgarabadu@acluga.org*
Caitlin May (Ga. Bar No. 602081)
*cmay@acluga.org*
Cory Isaacson (Ga. Bar No. 983797)
*cisaacson@acluga.org*
ACLU FOUNDATION OF GEORGIA, INC.
P.O. Box 77208
Atlanta, Georgia 30357
Telephone: (678) 981-5295
Facsimile: (770) 303-0060

Sophia Lin Lakin (pro hac vice)
*slakin@aclu.org*
Davin M. Rosborough (pro hac vice)

8

Molly Melcher*
Armen Nercessian*
Ethan Thomas*
FENWICK & WEST LLP
555 California Street
San Francisco, CA 94101
Telephone: (415) 875-2300

Joseph S. Belicheck*
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94101-2008
Telephone: (650) 988-8500

Catherine McCord*
Fenwick & West, LLP -NY
902 Broadway, Suite 14
New York, NY 10010
212-430-2690
Email: cmccord@fenwick.com

*Admitted pro hac vice

*Attorneys for Plaintiffs Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, Inc., League of Women Voters of Georgia, Inc., GALEO Latino Community Development Fund, Inc., Common Cause, and the Lower Muskogee Creek*

/s/ Pichaya Poy Winichakul
Bradley E. Heard (Bar 342209)
*bradley.heard@splcenter.org*
Pichaya Poy Winichakul (Bar 246858)
*poy.winichakul@splcenter.org*
Sabrina Khan (pro hac vice)

*drosborough@aclu.org*
Jonathan Topaz (pro hac vice)
*jtopaz@aclu.org*
Dayton Campbell-Harris (pro hac vice)
*dcampbell-harris@aclu.org*
Dale E. Ho (pro hac vice)
*dho@aclu.org*
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
Telephone: (212) 519-7836
Facsimile: (212) 549-2539

Susan P. Mizner (pro hac vice)
*smizner@aclu.org*
ACLU FOUNDATION, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0781

Brian Dimmick (pro hac vice)
*bdimmick@aclu.org*
ACLU FOUNDATION, INC.
915 15th Street NW
Washington, D.C. 20005
Telephone: (202) 731-2395

Leah C. Aden (pro hac vice)
*laden@naacpldf.org*
John S. Cusick (pro hac vice)
*jcusick@naacpldf.org*
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, New York 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592

9

*Sabrina.khan@splcenter.org*
Nancy G. Abudu (Bar 001471)
*nancy.abudu@splcenter.org*
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, Georgia 30031-1287
Telephone: (404) 521-6700
Facsimile: (404) 221-5857

*/s/ Adam Sieff*
Adam S. Sieff (pro hac vice)
*adamsieff@dwt.com*
Daniel Leigh (pro hac vice pending)
*danielleigh*@dwt.com
Brittni Hamilton (pro hac vice)
*brittnihamilton@dwt.com*
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Facsimile: (213) 633-6899

Matthew Jedreski (pro hac vice)
*mjedreski@dwt.com*
Grace Thompson (pro hac vice)
*gracethompson@dwt.com*
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

David M. Gossett (pro hac vice)
*davidgossett@dwt.com*
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500
Washington, D.C. 20005-7048
Telephone: (202) 973-4288

Debo P. Adegbile (pro hac vice)
*debo.adegbile@wilmerhale.com*
Alexandra Hiatt (pro hac vice)
*alexandra.hiatt@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

George P. Varghese (pro hac vice)
*george.varghese@wilmerhale.com*
Stephanie Lin (pro hac vice)
*stephanie.lin@wilmerhale.com*
Mikayla Foster (pro hac vice)
*Mikayla.foster@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Tania Faransso (pro hac vice)
*tania.faransso@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave. NW
Washington, D.C. 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Nana Wilberforce (pro hac vice)
*nana.wilberforce@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Avenue, Suite 2400

Facsimile: (202) 973-4499

*Attorneys for Plaintiffs Georgia Muslim Voter Project, Women Watch Afrika, Latino Community Fund Georgia, and The Arc of the United States*

/s/ *Meredyth L. Yoon*
MEREDYTH L. YOON
(Georgia Bar No. 204566)
LAURA MURCHIE*
ASIAN AMERICANS ADVANCING JUSTICE-ATLANTA
5680 Oakbrook Parkway, Suite 148
Norcross, Georgia 30093
404 585 8446 (Telephone)
404 890 5690 (Facsimile)
*myoon@advancingjustice-atlanta.org*
*lmurchie@advancingjustice-atlanta.org*

/s/ *Eileen Ma*
EILEEN MA*
KIMBERLY LEUNG*
ASIAN AMERICANS ADVANCING JUSTICE-ASIAN LAW CAUCUS
55 Columbus Avenue
San Francisco, CA 94111
415 896 1701 (Telephone)
415 896 1702 (Facsimile)
*eileenm@advancingjustice-alc.org*
*kimberlyl@advancingjustice-alc.org*

/s/ *Niyati Shah*
NIYATI SHAH*
TERRY AO MINNIS*º
ASIAN AMERICANS ADVANCING JUSTICE-AAJC
1620 L Street, NW, Suite 1050
Washington, DC 20036
202 815 1098 (Telephone)

Los Angeles, California 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Plaintiffs Sixth District of the African Methodist Episcopal Church, Delta Sigma Theta Sorority, Georgia ADAPT, Georgia Advocacy Office, and Southern Christian Leadership Conference*

/s/ *Baxter D. Drennon*
BAXTER D. DRENNON
(Georgia Bar No. 241446)
JOHN E. HALL, JR.
WILLIAM BRADLEY CARVER
WILLIAM DOWDY WHITE
THE REPUBLICAN NATIONAL COMMITTEE
NATONAL REPUBLICAN SENATORIAL COMMITTEE
GEORGIA REPUBLICAN PARTY, INC.
NATIONAL REPUBLICAN CONGRESSONAL COMMITTEE
HALL BOOTH SMITH, P.C.
191 Peachtree Street, N.E., Suite 2900
Atlanta, Georgia 30303
404-954-5000 (Telephone)
404-954-5020 (Facsimile)
*bdrennon@hallboothsmith.com*
*jhall@hallboothsmith.com*
*bcarver@hallboothsmith.com*
*dwhite@hallboothsmith.com*

/s/ *Cameron T. Norris*
CAMERON T. NORRIS*
TYLER R. GREEN*

202 296 2318 (Facsimile)
*nshah@advancingjustice-aajc.org*
*tminnis@advancingjustice-aajc.org*

*/s/ R. Adam Lauridsen*
Leo L. Lam*
R. Adam Lauridsen*
Connie P. Sung*
Candice Mai Khanh Nguyen*
Luis G. Hoyos*
Rylee Kercher Olm*
Emily A. Hasselberg*
Zainab R. Ramahi*
Emily L. Wang*
Niharika S. Sachdeva*
KEKER, VAN NEST AND PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
415 391 5400  (Telephone)
415 397 7188 (Facsimile)
*llam@keker.com*
*alauridsen@keker.com*
*csung@keker.com*
*cnguyen@keker.com*
*lhoyos@keker.com*
*rolm@keker.com*
*ehasselberg@keker.com*
*zramahi@keker.com*
*ewang@keker.com*
*nsachdeva@keker.com*

*Attorneys for Plaintiffs Asian Americans Advancing Justice–Atlanta, Steven J. Paik, Deepum Patel, Nora Aquino, Angelina Thuy Uddullah, and AnjaliEnjeti-Sydow*
*Admitted pro hac vice
º Not admitted in D.C.

THE REPUBLICAN NATIONAL COMMITTEE
NATONAL REPUBLICAN SENATORIAL COMMITTEE
GEORGIA REPUBLICAN PARTY, INC.
NATIONAL REPUBLICAN CONGRESSONAL COMMITTEE
CONSOVOY McCARTHY PLLC-VA
1600 Wilson Blvd.
Suite 700
Arlington, VA 22209
703-243-9423 (Telephone)
*cam@consovoymccarthy.com*
*tyler@consovoymccarthy.com*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of L.R. 5.1, using font type of Times New Roman and a point size of 14.

Dated: February 24, 2023                           */s/ Uzoma N. Nkwonta*
                                                                        *Counsel for NGP Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2023, I electronically filed this document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

Dated: February 24, 2023                    */s/ Uzoma N. Nkwonta*
                                            *Counsel for NGP Plaintiffs*

14